Milligan, J.,
delivered the opinion of the Court.
This is an action of debt, brought in the Circuit Court of Smith County, on a note for $1294.83, executed under seal by Levi E. Evans, and Isaac W. Evans, to the defendant in error, William Pigg. The declaration is in the usual form, to which there are various pleas, among which there is a release set up, and by plea relied on, as a discharge of the debt.
*396 The release appears to have been indorsed upon another note, of $ 1110.83, executed on the same day, and by the same parties, to Pigg, and is in the following language:
“Received, February the 20th, T863, nine hundred and thirty-four dollars and ninety-five cents, in full, of L. F. Evans’ part of all the joint notes of L. F. Evans and Isaac W. Evans; and I do hereby release L. F. Evans of all other same joint notes.
“William Pigg.”
It is insisted that the note sued on is one of the notes referred to in the release, and that L. F. Evans, being discharged by the express terms of this instrument, it operates as a release and discharge of Isaac W. Evans, his co-obligor also.
By the common law, as well as the course of decisions in this State, the law seems to be .well settled that the release of one joint obligor operates as a discharge of the other: Story on Promissory Notes, secs. 425, 435; Edwards on Bills, 573. Also, Harvey & Claxton vs. Sweasy, 4 Hump., 449; Smith et al. vs. Harris et al., 3 Sneed, 453.
But it is said that a release, to have this effect, must be under seal. In the case of Smith et al. vs. Harris et al., it is held that a mere technical release, without consideration, and not under seal, is void. But this case is different from that. It is the case of a part payment, by one of two joint and several obligors, and a written release, by the payer, without seal, of one of the makers, from all further liability on the joint notes. The sum paid is in full satisfac *397 tion of “ L. E. Evans’ part of all the joint notes of L. E. Evans and Isaac W. Evans,” and the release against all other joint notes executed by the obligor to the payee. The manifest intention and effect of the 'release was to discharge L. E. Evans, and to force the holders to rely alone on the other obligor for the remainder of the debts.
“In such a case,” says Judge Story, in his Commentaries on Promissory Notes, sec. 425, “A release of one joint maker or indorser, by the holder, whether they are accommodation parties or not, will discharge all the joint parties; for such a release is a complete bar to any joint suit, and no separate suit can be maintained in such a case. In short, when the debt is extinguished as to one, it discharges all, whether the parties intend it or not. The like rule applies to cases where a satisfaction has been made by any one joint maker or indorser, or by any one partner in two firms, where each firm is bound upon the note.”
A mere parole release by the holder, of one joint, maker or joint indorser, after he has paid his share of the note, will not discharge the other: Story on Promissory Notes, sec. 410. The release, we have seen, to have this effect by our law, must be under seal.
What, then, is the effect of the release under consideration? One reason, we apprehend, of the difference between sealed and unsealed instruments, at common law, was, that the former imports a consideration, and is an instrument of higher dignity than the latter. Our Statute has broken down this arbitrary distinction, and has placed all instruments in writing, *398 whether under the private seal of the party or without it, upon the same level. The Code, secs. 1804-5, declares that “All contracts in writing, hereafter made and signed hy the party to he hound, or his authorized agent or attorney, are prima facie evidence of a consideration.” Giving! to this provision of the Statute the operation and effect it was manifestly intended to have hy the Legislature, it is clear that the effect of the release was to discharge the plaintiff in error from all liability on the note sued on in this action.
This rule of law, although apparently harsh, like nearly all the rules and principles of the common law, is founded in reason and justice. As, in this case, the plaintiff in error was no party to the release executed hy the holder to his co-obligator; and, so far as this record discloses the fact, he was not in any way cognizant of its execution. The holder, of his own voluntary choice, and in consideration of the advance made on the note by L. F. Evans, assumed to change the legal relations in which the makers stood to each other before the release. The release breaks the joint indebtedness of the parties, and it necessarily destroys the remedy of the plaintiff in error, over, in any event, against his co-obligor.
Reverse the judgment.