## WILLIAMS *v.* HITCHINGS.

RELEASE.  *Will not discharge co-obligor.*  *When.*  A release or compromise of what is claimed against one partner, will not operate as a release of the other, if it is expressly agreed by the terms of the instrument it shall not have that effect.

### FROM SUMNER.

Appeal from the Chancery Court at Gallatin.  J. B. TARVER, Ch.

W. B. BATE and S. F. WILSON for complainant.

GEO. E. SEAY for defendant.

FREEMAN, J., delivered the opinion of the court.

The parties, by agreement in argument and briefs, have defined the sole question to be settled by the court in this case, a practice, we may add, that cannot be too highly commended.

That question is, whether a certain release and compromise executed by complainant Williams, is effective to release the present defendant, Hitchings? The agreement and release is between complainant and Pierce, administrator of Lyles.

The case is this, Williams had been a partner in the negro trading business before the war, with Lyles and Hitchings. He filed his bill for an account of the business, against Hitchings and Lyles' administra-

tor, Pierce.   Pending this suit, the agreement and compromise was entered into between Pierce, administrator, and complainant.

The substance of the agreement is, that the parties consent to a settlement on payment by Pierce to Williams of five hundred dollars in cash, and giving his note for two hundred dollars at twelve months, to use the language of the instrument: "Which is to be in full for all claims that I hold on said Pierce as administrator, in the cause above mentioned.   The said Pierce to pay all costs in said cause up to this day."   It is added: "It is further understood and hereby agreed that this compromise is in no way to affect any recovery of the said Hitchings in the said cause by the said Williams, and this award or compromise agreement is to operate and be the decree in said cause at Gallatin, Tennessee.   This 20th day of March, 1868.

ALEXANDER WILLIAMS, *Seal.*

G. L. PIERCE, Adm'r. *Seal.*

The question on these facts is, whether a release and compromise of what is claimed against one partner, or his estate, shall operate, under this instrument, as a release of the other, notwithstanding it is expressly agreed by the terms of the instrument it shall not have this effect?   What is our law on this question?

Section 3789 provides: "All receipts, releases, and discharges in writing, whether of a debt of record or a contract under a seal, or otherwise, shall have effect, according to the intention of the parties."   The next section is: "All settlements in writing, made in good

faith, for the composition of debts, shall be taken as evidence, and held to operate according to the intention of the parties, although no release under seal is given, and no new consideration has passed."

The case of *McClung* v. *Campbell*, and *Gaut* v. *Mabry*, administrator, *et al.* (unreported), is cited in the brief of counsel, as holding these sections as applying only to the parties to the instrument, and not as affecting the rights of third parties.

But in the case of *Richardson* v. *McLeMore*, 5 Baxt., 586, a different doctrine is held, which is thus stated in the syllabus: "If there has been a release of an obligator of an instrument, it is a question of intention, under our statute law, which has modified the strict rule of the common law, whether the effect of such release is to discharge a co-obligor entirely, or to discharge him from joint liability for his co-obligor's half of the obligation, and of this intention in a proper case, the jury are to judge, under instructions from the court.

In the case of *Simpson* v. *Moore*, 6 Baxt., 372–3, a similar doctrine is offered, though not definitely in judgment.

These cases, as we think, are the correct exposition of the true meaning of the statutes cited. To say the statute sec. 3789, meant only that a receipt, release, or discharge in writing, whether of debt or record, or contract under seal, should be only operative, as between the parties to the instrument, according to their intention—as to themselves alone—would be an absurd statutory provision, as by all the rules

of law, such would have been the case without the statute, a release or discharge is a contract, and the first rule of exposition and construction of all contracts is that they are to operate according to the intention of the parties, unless that intent is in violation of law or contrary to public policy.  The statute was intended to, and does meet the rule of the common law, having its origin mainly in merely technical logic by which the release or discharge of one co-obligor released another, not party to the release or discharge, though the opposite had been agreed upon.  This technical rule was intended to be modified, as said in the above case, and the real intention of the parties to be carried out.  In other words, the release only to operate to the extent agreed on by the parties thereto, and have no effect beyond this.

In this view, the true construction of the above contract, which being in writing is for the court, is that the liability of Pierce, administrator of Lyles, and of his intestate was satisfied, but not to interfere with the right of complainant to recover, whatever might be due, if any thing, from the other parties liable, after deducting or excluding the share of Lyles' estate, which had thus been compromised.

A decree will be drawn in accord with this opinion, defendant paying the costs of this court—costs below as adjudged by the chancellor.