## SMITH *v.* DIXIE PARK & AMUSEMENT CO.

### (*Jackson.*  April Term, 1913.)

**1. RELEASE.  Joint tort-feasors.   Statutes.**

Shannon's Code, sec. 5570, providing that all releases, whether
of a debt of record, or a contract under seal, or otherwise,
shall have effect according to the intention of the parties, is
confined to actions *ex contractu* only, and does not change the
common law rule governing the release of one joint tort-
feasor.   (*Post, p.* 116.)

Cases cited and approved:   Snyder v. Witt, 99   Tenn., 622;
Brown v. Kencheloe, 3 Cold., 192.

Code cited and construed:   Secs. 5570 (S.).

**2. RELEASE.   Joint tort-feasors.   "Covenant not to sue" one
joint wrongdoer.   Effect.**

An instrument executed by a person sustaining a personal in-
jury inflicted by joint wrongdoers, whereby he agrees to dis-
miss the suit against one of them, and not to reinstitute
it, and whereby he agrees to hold him harmless from all
liability by reason of the accident, is a "covenant not to sue,"
and is not a satisfaction of the liability of the other wrong-
doer, and judgment may be recovered against him.   (*Post, p.*
117.)

Cases cited and approved: Bloss v. Plymale, 3 W. Va., 393; Ellis
v. Esson, 50 Wis., 138; Gilbert v. Finch, 173 N. Y., 455;
Louisville, etc., Co. v. Barnes, 117 Ky., 860; Carey v. Bilby,
129 Fed., 203; Chicago, etc., R. Co. v. Averill, 224 Ill., 516;
Chamberlain v. Murphy, 41 Vt., 110; Robertson v. Trammell,
98 Tex., 364; Mathewson v. O'Kane, supra.

Cases cited and disapproved:   Ellis v. Bitzer, 2 Ohio, 89; Seither
v. Philadelphia Traction Co., 125 Pa., 397; O'Shea v. V. Y. C.,
etc., R. Co., 105 Fed., 559; Abb v. Nor. Pac. R. Co., 28 Wash.,
428; McBride v. Scott, 132 Mich., 176; Ducey v. Patterson, 37
Colo., 216; Musolf v. Duluth Elec. Co., 108 Minn., 369.

Smith v. Amusement Co.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—FRANK FENTRESS, Chancellor.  Part Two, 10th Division.

T. F. KELLY, for complainant.

GEORGE E. NEUHARDT and CHARLES W. ANDERSON, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit was brought originally against the Dixie Park & Amusement Company, and later on the Memphis Consolidated Gas & Electric Company was brought before the court as a defendant.  Both defendants were declared against as liable for personal injuries suffered by plaintiff, Smith, it being alleged that the first-named defendant operated an amusement park in Memphis, electric current for lights, machinery, etc., for which was supplied by the other defendant; that the defendants had placed two electric wires on top of a fence, five feet high, inclosing the park, which wires were naked and charged with a dangerous current of electricity, so supplied; that, while walking along a street on the line of which the fence and wires were

128 Tenn. 8

strung, plaintiff had occasion to stop to wait for a friend, and unconsciously laid his hand on the top of the fence and received a shock from the current. Damages were laid at $10,000, as against the defendants as joint tort-feasors.

Before the cause was reached for trial, the Gas & Electric Company entered into contract with plaintiff quoted below, and the cause thereafter proceeded against the original defendant alone, which pleaded the contract as an accord and satisfaction. The plaintiff filed a replication, denying that he had received full satisfaction, or had discharged the damages. On the coming in of plaintiff's testimony, the pleading defendant made a motion (which was granted) for peremptory instructions to the jury to return a verdict of nonliability, based upon the effectiveness of the contract as an accord and satisfaction.

After reciting by way of preamble, in substance, the bringing of the suit as above outlined, plaintiff's doubt, on advice of counsel, of his right to a recovery against the Gas & Electric Company, but of confidence in his right to a recovery against the Park & Amusement Company of "a verdict far in excess of the amount hereinafter set out," and plaintiff's "desire to settle and adjust any claim plaintiff might have against the Gas & Electric Company by reason of said injuries," the contract provided:

"Therefore, for and in consideration of the sum of four hundred dollars paid to me by the said Memphis Consolidated Gas & Electric Company, the receipt of

Smith v. Amusement Co.

which is hereby acknowledged, I expressly agree and covenant with the said Gas & Electric Company to dismiss and not further prosecute my suit now pending against it in the circuit court of Shelby county, and I further agree, for myself, my heirs, and personal representatives, not to reinstitute said suit or prosecute any other suit against said Gas & Electric Company, by reason of the injuries above referred to, that have already or may hereafter develop by reason of said accident, and I agree to hold harmless said Gas & Electric Company for any and all claims or liabilities against it by reason of said accident.

"This agreement, however, is not entered into or intended by me as a release of any claim or actions that I might have against the said Dixie Park & Amusement Company, by reason of the matters above set forth; nor is it an agreement to dismiss my suit now pending against said Dixie Park & Amusement Company, and it is expressly agreed and understood that this agreement is not in any wise to inure to the benefit of the Dixie Park & Amusement Company.

"It is clearly understood that this instrument is merely a covenant not to sue said Gas & Electric Company, and not a release of first party's damages against the real person liable, the Dixie Park & Amusement Company."

Judgment was entered in favor of the Park & Amusement Company in the circuit court, appeal was prayed to the court of civil appeals, which court reversed said judgment, and the cause was brought into

this court by petition for *certiorari* to review the ruling of the last-named court.

The single error assigned is the refusal of that court to sustain the plea of accord and satisfaction, alleged to have been proven by the contract quoted; but under this error several phases of the law respecting the release of a joint tort-feasor have been debated.

The first contention of plaintiff, Smith, is that section 5570 of Shannon's Code, properly construed in relation to and in connection with the contract, works a change of the rule of the common law that the release of one joint tort-feasor releases another tort-feasor. This section reads: ''Sec. 5570. All receipts, releases, and discharges in writing, whether of a debt of record or a contract under seal, or otherwise, shall have effect according to the intention of the parties thereto.''

It is argued that torts as well as contracts fall within the purview of this section, and that, since the contract above affirmatively shows an intention not to release the Park & Amusement Company, it should be given the intended effect—this, if the instrument be construed to be a release proper.

This section of the Code has never been construed by this court to have reference to actions *ex delicto;* on the contrary, it has been confined as having relation to actions *ex contractu* only.

In *Snyder* v. *Witt,* 99 Tenn., 622, 42 S. W., 442, the case of *Brown* v. *Kencheloe,* 3 Cold., 192, is cited as holding that in such a case a discharge of all tort-feasors results, whether the parties intended it so or

not; and the court proceeded to say: "The like rule, however, does not apply to contracts, where it is intended that the release of one jointly bound shall not operate to release another co-obligor. Shannon's Code, sec. 5570."

The next insistence of plaintiff is that, in view of the fact that the instrument under consideration does not purport to satisfy his full injury, but the contrary, and stipulates a reservation of the right to sue the Park & Amusement Company, it cannot be effective to release that company.

Reservations of this character are not infrequently inserted in releases, and consideration of their effect has given rise to different rulings on the part of the courts of this country; the conflict being sharp and far from even an approach to settlement.

A number of courts hold that a release which shows that it is not intended to evidence a settlement of the plaintiff's entire demand based on a tort, but reserves the right to pursue one or more of the joint wrong-doers for the balance, is not to be treated as a release of all, but as a covenant not to sue, with result of non-release of such other or others. *Bloss* v. *Plymale,* 3 W. Va., 393, 100 Am. Dec., 752; *Ellis* v. *Esson,* 50 Wis., 138, 6 N. W., 518, 36 Am. Rep., 830; *Gilbert* v. *Finch,* 173 N. Y., 455, 66 N. E., 133, 61 L. R. A., 807, 93 Am. St. Rep., 623; *Louisville, etc., Co.* v. *Barnes,* 117 Ky., 860, 79 S. W., 261, 64 L. R. A., 574, 111 Am. St. Rep., 281; *Carey* v. *Bilby,* 129 Fed., 203, 63 C. C. A., 361; *Chicago, etc.,*

*R. Co.* v. *Averill,* 224 Ill., 516, 79 N. E., 654, and earlier cases therein cited.

The reasons advanced in support of these decisions are that the rule gives effect to the intention of the parties executing the instrument, without violating any rule of morals or public policy, and that it tends to encourage compromises, which the law favors.

The cases holding to the contrary are numerous, and are believed to give the weight of authority to the maintenance of the rule that such a release will not, nothing else appearing, be deemed a mere covenant not to sue. *Ellis* v. *Bitzer,* 2 Ohio, 89, 15 Am. Dec., 534; *Seither* v. *Philadelphia Traction Co.,* 125 Pa., 397, 17 Atl., 338, 4 L. R. A., 54, 11 Am. St. Rep., 905; *O'Shea* v. *N. Y. C., etc., R. Co.,* 105 Fed., 559, 44 C. C. A., 601; *Abb* v. *Nor. Pac. R. Co.,* 28 Wash., 428, 68 Pac. 954, 58 L. R. A., 295, 92 Am. St. Rep., 368; *McBride* v. *Scott,* 132 Mich., 176, 93 N. W., 243, 61 L. R. A., 445, 102 Am. St. Rep., 416, 1 Ann. Cas., 61; *Ducey* v. *Patterson,* 37 Colo., 216, 86 Pac., 109, 9 L. R. A. (N. S.), 1066, 119 Am. St. Rep., 284, 11 Ann. Cas., 393; and, on this point, *Musolf* v. *Duluth Elec. Co.,* 108 Minn., 369, 122 N. W., 499, 24 L. R. A. (N. S.), 451.

While we have no reported case that rules the exact point, it would seem that the decision in *Brown* v. *Kencheloe,* supra, tends to align this court with the last line of authorities. Several of them cite that case, and quote its reasoning in support of their own respective holdings on the subject. Thus, in *McBride* v. *Scott,* supra, it was said: "We are of the opinion that

the better rule is that contended for by defendants in this case, that to admit of a settlement with one tort-feasor under such circumstances as are here presented, and to hold that a reservation such as is here attempted saves the right as to other tort-feasors, would open the door for the plaintiff in any case to acquire by successive settlements more than just compensation; or, as is said in *Brown* v. *Kencheloe,* 3 Cold., 192: 'The plaintiff in many instances would operate upon the fears of the defendants, and get from each full damages for the trespass committed.' "

Another reason occurs to us as not lacking substance: The authorities which declare such a release to be a covenant not to sue also hold that the amount received from the wrongdoer dealt with is to be credited *pro tanto* in favor of the other in event of recovery. Now, it is easily conceivable that in instances this right of credit would be forfeited by the defendant yet held to respond, rather than claimed by him by way of plea and proof, since he would prefer to lose any advantage that might be incident to the credit rather than to disclose to the trial jury the fact that another charged to have been his joint wrongdoer had purchased his peace, and, in so far, may be thought to have confessed liability. The case at bar may be said to present this phase in a practical way—a claimed liability of $10,000, and a potential credit sum, under the rule referred to, of $400. If counsel of the pursued defendant should consider it wiser to forego pleading the accord and satisfaction *pro tanto* for the indicated

reason, the plaintiff thereby would become the bene-
ficiary of the pursued's fears.

If the contract in proof may be treated as a release,
it seems that under the principles of the common law it
operated to release the Park & Amusement Company.
1 Cooley on Torts (3 Ed.), 161. The cause of action
was indivisible; the tort a thing integral. There could
be no separate estimate of the injury done by each of
the wrongdoers, with accordant recoveries.

As seen above, our Code provision did not change
this rule of the common law touching releases of joint
tort-feasors. It did change the rule in respect of re-
leases of joint obligors. A strong inference arises that
the legislative intent was that the common law rule, as
understood and administered at the time, in regard to
releases of causes of action sounding in tort, should re-
main unchanged.

What has so far been said is on the basis of an as-
sumption that the instrument pleaded is a release. It
is argued for plaintiff, however, that it is not a release,
but that by fair, if not necessary, intendment it is a
covenant not to sue.

Releases of, and covenants not to sue, a wrongdoer
have from early times been considered distinct. A
covenant not to sue one of several joint obligors or
joint tort-feasors did not at common law operate to dis-
charge others from liability, since it was said not to
have the effect, technically, of extinguishing any part
of the cause of action. 34 Cyc., 1090; *Snow* v. *Chandler,*
10 N. H., 92, 34 Am. Dec., 140; *Chicago, etc., R. Co.* v.

*Averill,* supra; *Musolf* v. *Duluth Elec. Co.,* supra; *Matheson* v. *O'Kane,* 211 Mass., 91, 97 N. E., 638, 39 L. R. A. (N. S.), 475, 27 Ann. Cas., 267, and notes.

The last two cases demonstrate that the confusion in the cases relating to such agreements arises out of the construction of the particular writing as a release or as a covenant not to sue rather than in respect of the existence of the distinction between them, at common law or in modern practice.

*Indicia* of a covenant not to sue may be said to be: No intention on the part of the injured person to give a discharge of the cause of action, or any part thereof, but merely to treat in respect of not suing thereon (and this seems to be the prime differentiating attribute); full compensation for his injuries not received, but only partial satisfaction; and a reservation of the right to sue the other wrongdoer.

Looking to the instrument here involved, the only provision that tends to give it the color of a release is the one stipulating plaintiff's agreement "to hold harmless said Gas & Electric Company for any and all claims or liabilities against it by reason of said accident."

The Texas courts had under review an agreement claimed to be a release, in *Robertson* v. *Trammell,* 98 Tex., 364, 83 S. W., 1098 (denying writ of error to 37 Tex. Civ. App., 53, 83 S. W., 258), and held that where, pending suit against two tort-feasors, plaintiff, in consideration of a certain sum, contracted not to sue one of them, the fact that plaintiff executed a bond to such

defendant to indemnify it against all claims by reason of the cause of action alleged did not change the character of the transaction from a covenant not to sue to a release discharging the other joint tort-feasor.

The fact that suit had been brought against the two alleged wrongdoers at the time the agreement was entered into does not operate to convert it into a release. *Chamberlain* v. *Murphy,* 41 Vt., 110; *Robertson* v. *Trammell,* supra; *Matheson* v. *O'Kane,* supra.

We, therefore, are of opinion that the instrument relied on, being a covenant not to sue, was not a satisfaction of the liability, if any, of the Park Amusement Company. Writ of *certiorari* accordingly denied.