MARIE BYRD *v.* C. L. CROWDER *et al.*

(*Nashville,* December Term, 1932.)

Opinion filed May 20, 1933.

GARNETTE P. MONTGOMERY, for plaintiff in error.

M. S. Ross, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The defendants, Crowder et al., pleaded, in bar of plaintiff's action for damages for personal injuries, that plaintiff had executed a written release of her cause of action against their joint tortfeasors. This plea was sustained by the circuit court, and plaintiff has appealed in error.

The instrument executed by plaintiff is in form a covenant not to sue, but contains the following provision: "These presents may be pleaded as a defense to any action or proceedings which may be brought, instituted or taken by me against the said T. F. Squires and Holmes B. Squires, doing business as T. F. Squires and Sons Company, or their heirs, assigns or administrators, in breach of this covenant."

Defendants insist that the quoted provision characterizes the instrument as a release of plaintiff's cause of action against Squires, and that it therefore operates as an extinguishment of the entire cause of action resulting from the joint wrong of defendants and Squires.

The rule to be applied is to be found in our cases of *Smith* v. *Dixie Park & Amusement Co.*, 128 Tenn., 112, 157 S. W., 900, and *Nashville Interurban Ry. Co.* v. *Gregory*, 137 Tenn., 422, 193 S. W., 1053.

The first of these cases adheres to the common-law rule that the cause of action against joint tort-feasors is indivisible, and that the release of one operates to release all. The reason for excluding a mere covenant not to sue from this rule was stated to be that the covenant does not "have the effect, technically, of extinguishing any part of the cause of action."

This theory was observed in the second of the two cited cases, wherein this Court held that a covenant not to sue does not extinguish the cause of action; is not a defense to a suit on such cause of action; nor a satisfaction of the claim for damages; and may be pleaded by the covenantee only "by way of set-off or recoupment."

It is obvious, therefore, that the covenant before us contains an element not consistent with the nature of a mere covenant not to sue, in the stipulation that it "may

be pleaded as a defense to any action'' which may be brought against the covenantee on the cause of action treated in the covenant.

Such a stipulation operates clearly to extinguish the cause of action which the plaintiff had against the covenantee. It expressly sets up and establishes a bar to the prosecution of any action which the plaintiff may bring in breach of her covenant, and was therefore intended as a satisfaction of such cause of action. The instrument was, therefore, in effect a release and not a mere covenant not to sue.

Ruling to the contrary was made in *Matheson* v. *O'Kane,* 211 Mass., 91, 97 N. E., 638, 39 L. R. A. (N. S.), 475, 27 Ann. Cas., 267, and in *Davis* v. *Moses,* 172 Minn., 171, 215 N. W., 225. But those courts, and some others, hold that the mere covenant not to sue may be pleaded in defense of an action brought in breach of the covenant. See *Judd* v. *Walker,* 158 Mo. App., 156, 138 S. W., 655. *Hawber* v. *Raley,* 92 Cal. App., 701, 268 Pac., 943, is in accord with the conclusion we have hereinabove reached. Many conflicting decisions dealing with the effect of similar instruments are collected in notes in 50 A. L. R., 1081 and 66 A. L. R., 212. We think it unprofitable to do more than refer to those authorities. Our own cases clearly direct our course on the question before us.

The judgment of the circuit court sustaining the plea of the defendants is affirmed.