OLIVER v. WILLIAMS.—83 S. W. (2d) 271.

Middle Section. March 30, 1935.

Petition for Certiorari denied by Supreme Court, June 10, 1935.

Trabue, Hume & Armistead, of Nashville, for plaintiff in error.
Walker & Hooker, of Nashville, for defendant in error.

FAW, P. J. The determinative question for decision on this appeal is whether a certain written instrument, pleaded by the defendant below, is a release of a cause of action or a covenant not to sue.

Mrs. Jennie Williams sued Miss Alma Oliver in the circuit court of Davidson county for $10,000 as damages for personal injuries described in her declaration, and alleged that "on or about March 7, 1931, the plaintiff was riding as an invited guest in the defendant's automobile traveling in an easterly direction on the Church Street Viaduct and within the corporate limits of the city of Nashville, Tennessee, when the defendant approached an inbound or eastbound West Nashville street car, and without putting down her brakes, without keeping a lookout ahead and without keeping said automobile under control, negligently, carelessly and unlawfully attempted to pass said inbound or eastbound street car, whereby and on account of which the defendant drove her said automobile into, upon and against the rear end of said street car, hurling said automobile around and in the path of an inbound or westbound street car, so that said automobile was hung or caught between said street cars and turned over by the impact, resulting in personal injuries to the plaintiff as hereinafter related."

The plaintiff in error (defendant below and hereinafter called defendant) pleaded the general issue—not guilty—and also filed a special plea in the nature of a plea of accord and satisfaction, as follows:

"For further plea, the defendant alleges and charges that the plaintiff in this case made claim against the Tennessee Electric Power Company for the injuries received by her growing out of the accident described in the declaration, and likewise the defendant made claim against the said Power Company for injuries she received and for damages done to her automobile, and likewise defendant's mother made claim against the said Power Company for the injuries she received in the accident, and on the 29th day of February, 1932, the said Tennessee Electric Power Company to compromise the claim, paid the defendant, the plaintiff herein, and the latter's mother, the sum of $900, and the said three claimants executed and delivered to the Tennessee Electric Power Company an instrument in writing as follows:

" 'Whereas, on March 7, 1931, the undersigned Miss Alma Oliver, Mrs. Ida Oliver and Mrs. J. L. Williams sustained personal injuries and Miss Alma Oliver sustained damages to her automobile in an accident on the Church Street Viaduct in Nashville, Tennes-

see, caused by the crushing of the automobile in which they were riding between an outgoing and an incoming street car owned and operated by the Tennessee Electric Power Company; and

" 'Whereas, said three women are making claim for their damages against the said The Tennessee Electric Power Company, which denies any liability for said accident; and

" 'Whereas, in order to prevent suit and the costs and expense thereof, said The Tennessee Electric Power is willing to pay said three women the sum of nine hundred ($900) dollars in consideration of a covenant upon their part never to sue the said The Tennessee Electric Power Company for or on account of said accident and injuries.

" 'Now, therefore, in consideration of the sum of nine hundred ($900) dollars in cash, this day paid by The Tennessee Electric Power Company to us, to-wit, Miss Alma Oliver, Mrs. Ida Oliver and Mrs. J. L. Williams, we do hereby covenant, agree and bind ourselves, our heirs and personal representatives, never to sue or institute any cause of action against The Tennessee Electric Power Company by reason of said accident and injuries, this covenant being joint and several.

" 'Witness our signatures on this the 29th day of February, 1932.

" '[Miss] Alma Oliver

" '[Mrs.] Ida Oliver

" '[Mrs.] J. L. Williams

" 'Attest:

" 'J. W. Jakes

" 'Tomy Banet'

"Your defendant, therefore, pleads the above instrument and payment in bar of the plaintiff's suit against her."

The defendant in error (plaintiff below and hereinafter called plaintiff) demurred to the aforesaid special plea on the ground that "the written instrument incorporated in said plea shows upon its face that it is not a release, but an agreement or covenant not to sue The Tennessee Electric Power Company, and for that reason does not operate as a bar to plaintiff's suit."

The case was transferred to the Second circuit court and there heard by the court on the plaintiff's demurrer to defendant's special plea, when the demurrer was sustained and exception was reserved by the defendant to the action of the court on the demurrer.

The plaintiff's proof was heard by a jury, and at the close of the evidence for the plaintiff the trial judge overruled a motion of the defendant for a directed verdict, and sustained a motion for peremptory instructions in favor of the plaintiff as to the liability of the defendant, and submitted the case to the jury for the assessment of damages. The jury assessed the plaintiff's damages at

$2,250, and judgment was entered for plaintiff and against the defendant for that sum and the costs of the cause.

Defendant's motion for a new trial was overruled, and she thereupon appealed to this court and has assigned errors here upon the rulings of the trial court (1) in sustaining the plaintiff's demurrer to the defendant's special plea; (2) in overruling defendant's motion for a directed verdict in her behalf; and (3) in directing the jury to return a verdict for the defendant. Through a fourth assignment of error, the defendant also asserts that there is no evidence to sustain the verdict.

But, notwithstanding the aforesaid assignments, the able counsel for defendant, with commendable frankness, say in their brief that the only question involved in this case is whether or not the written instrument copied into the defendant's special plea is a release of plaintiff's cause of action; and they do not attempt to support, by brief or argument, any proposition embraced in the last three assignments of error, except in so far as the question with respect to the proper interpretation and effect of said written instrument may be involved therein.

Although the plaintiff's demurrer to the defendant's special plea was sustained as before stated, the trial court admitted evidence at the trial with respect to the execution by plaintiff of the alleged "release" and plaintiff's connection therewith. The record indicates that the learned trial judge admitted such evidence upon the theory that, if the plaintiff received any sum of money from the Tennessee Electric Power Company in consideration of her execution of said written instrument pleaded by the defendant, it was the duty of the jury "to allow that as a credit on what her damages would otherwise be." The trial judge also suggested that such evidence "might be competent as bearing on the question of motive also, and of course would go to the matter of the credibility of the witnesses."

It appears that, in the testimony to which we have just referred, the written instrument in controversy was usually characterized as "this paper" or "that paper" or "the paper." This was presumably for the reason that, its real character and legal effect being a matter of controversy, counsel properly refrained from characterizing it as either a "release" or a "covenant not to sue." For the present, we will adopt the same nomenclature and call it a ":paper."

The plaintiff, Mrs. Williams, testified, in substance, that she and the defendant, Miss Oliver, and defendant's mother lived together in an apartment in the city of Nashville; that the defendant was plaintiff's niece; that she (plaintiff) had no communication at any time with any representative of the Tennessee Electric Power Company with respect to the paper or the matters to which it pertained; that the defendant Miss Oliver brought the paper to her and told

her that, unless she (plaintiff) would sign it, she (Miss Oliver) "couldn't make a settlement;" that she (plaintiff) would not sign it until she carried it to her lawyer and asked him if it was all right for her to sign it; that she had never thought of suing the Street Railway Company (Tennessee Electric Power Company), but she wanted to know if her lawyer thought it was all right for her to sign it; that her lawyer told her "Yes," and she signed it; that she endorsed a check of the Tennessee Electric Power Company for $900, made payable to plaintiff and defendant and defendant's mother but she "didn't get a penny of it," and defendant's mother didn't "get one cent of it," but that defendant "got every penny of it."

No question is made in this court with respect to the admissibility of the above-stated testimony of plaintiff with respect to the "paper" in controversy. But we see nothing in plaintiff's testimony which would control or materially affect the construction or legal effect of the paper admittedly signed by her, and which is copied in full in the special plea of defendant hereinbefore set forth.

It is the settled rule in this state that the release of one of several joint tort-feasors discharges the liability of all. Brown v. Kencheloe, 3 Cold., 192, 200; Smith v. Amusement Co., 128 Tenn., 112, 116, 157 S. W., 900; Nashville Interurban Railway v. Gregory, 137 Tenn., 422, 193 S. W., 1053; Byrd v. Crowder, 166 Tenn., 215, 60 S. W. (2d), 171.

But a mere covenant not to sue one of several joint tort-feasors, made on a sufficient consideration, is not a technical release of the damages sustained, and will not. discharge any of such tort-feasors from liability. (See the last three cases above cited.)

A covenant not to sue does not extinguish the cause of action, and is not a defense to a suit on such cause of action. The remedy of the covenantee is to bring his action for breach of covenant, although in some cases (from other jurisdictions) the covenantee has been allowed to plead the covenant to avoid circuity. Nashville Interurban Railway v. Gregory, supra, 137 Tenn., 422, page 436, 193 S. W., 1053.

For convenience, the operative provisions of the writing under consideration are here repeated, as follows:

"Now, therefore, in consideration of the sum of nine hundred ($900) dollars in cash, this day paid by The Tennessee Electric Power Company to us, to-wit: Miss Alma Oliver, Mrs. Ida Oliver and Mrs. J. L. Williams, we do hereby covenant, agree, and bind ourselves, our heirs and personal representatives, never to sue or institute any cause of action against The Tennessee Electric Power Company by reason of said accident and injuries, this covenant being joint and several."

It seems obvious that this writing contains no language which

imports an intention on the part of the covenantors to discharge the cause of action or any part thereof, or which could be reasonably construed as effecting that result. The covenantors bind themselves, their heirs and personal representatives, "never to sue or institute any cause of action against The Tennessee Electric Power Company by reason of said accident and injuries"—merely this and nothing more. It contains no stipulation, in words or in substance, that it may be pleaded as a defense to any action which may be brought against the covenantee on the cause of action treated in the covenant, as was stipulated in the instrument involved in the case of Byrd v. Crowder, supra.

The preamble to the covenant does not disclose a purpose and intention on the part of the covenantors to grant, or on the part of the covenantee to obtain, anything more than a covenant not to sue.

It results that the defendant's assignments of error are overruled and the judgment of the circuit court is affirmed. A judgment will accordingly be entered in favor of the plaintiff, Mrs. Jennie Williams, and against the defendant, Miss Alma Oliver, for $2,250, with interest thereon from the date of the overrulement of the motion for a new trial below, viz., January 13, 1934, and for the costs accrued in the circuit court.

The costs of the appeal will be adjudged against the defendant and the surety on her appeal bond.

Crownover and DeWitt, JJ., concur.