McClure *v.* Cobb.

(*Nashville,* December Term, 1951.)

Opinion filed June 7, 1952.

E. F. McClure and Ben C. Welch, both of Memphis, for complainant.

Taylor & Taylor, of Memphis, for defendant.

Mr. JUSTICE PREWITT delivered the opinion of the Court.

This cause was disposed of below by the Chancellor dismissing the complainant's bill. The complainant administrator filed two suits in the Chancery Court at Memphis as holder of two notes. The first of these suits sought to collect upon the $8,000 note. This was No. 52024 R. D. This suit was styled McClure, Administrator v. Beale. No others were made defendants in that suit.

Later, the administrator filed this second suit upon a $2,000 note. This second suit was No. 52076 R. D. and was styled McClure, Administrator v. Beale and Cobb.

Between the filing of the suits and the date set for hearing in the present case, McClure and Beale entered into a settlement reduced to writing, paragraph 5 providing as follows:

"The said C. W. Beale, as a part of the consideration for said settlement, does by these presents assign and transfer unto the said J. H. McClure, Administrator of the estate of D. N. McClure, deceased, any and all right, title, and interest which he now has or may hereafter have in and to the note executed by J. Walter Cobb, Jr., and hereinbefore described, said Assignment to be without prejudice in any manner to any rights heretofore acquired by the said D. N. McClure or his estate in and to said note, as an innocent purchaser for value."

It seems that Cobb had executed this $2,000 note in question to Beale and the question presented here is, did this assignment and agreement executed by Beale and complainant McClure, Administrator of the estate of D. N. McClure, deceased, operate as a cancellation of the $2,000 note of defendant Walter Cobb, Jr.; that is, upon the entry of a compromise order of settlement and dismissal as to the defendant Beale?

The cause was tried on bill and answer, this agreement above referred to and statements of counsel. The Chancellor was of the opinion that the agreement settled all of the rights of the parties and dismissed the bill.

In this we think he was in error.

Williams' Code, Sections 9741 and 9742 provide as follows:

"Section 9741 * * * Receipts, etc.—All receipts, releases, and discharges in writing, whether of a debt of record or a contract under seal, or otherwise, shall have effect according to the intention of the parties thereto.

"Section 9742 * * * Compromise of debts.—All settlements in writing, made in good faith, for the composition of debts, shall be taken as evidence, and held to operate according to the intention of the parties, although no release under seal is given, and no new consideration has passed."

In *Smith* v. *Dixie Park and Amusement Company,* 128 Tenn. 112, 157 S. W. 900, the Court held that Section 5570 of Shannon's Code, which is the same as 9741 of Williams' Code, provides that all releases whether of a debt of record or contract under seal or otherwise shall have effect according to the intention of the parties and is confined to actions ex contractu only, and does not change

the common-law rule concerning the releases of one joint tort-feasor.

In *Williams* v. *Hitchings,* 78 Tenn. 326, it was held that when the release was given in writing, the parties to the release could stipulate therein that it was not to affect the liability of another joint obligor, who was not a party to such writing. We think a fair construction of the agreement or assignment is that all of the rights in the $2,000 note in question were assigned by Beale to the administrator of D. N. McClure, deceased, and that the administrator holds said note as assignee. We think it clear from reading the agreement that the parties thereto did not intend to cancel the $2,000 note sued on.

The suit was brought upon the theory that complainant was an innocent purchaser for value.

The decree of the Chancellor dismissing the bill is therefore reversed and complainant is allowed thirty days to amend his pleadings so as to sue as assignee.