# HORNER v. TOWN OF COOKEVILLE—259 S. W. (2d) 561.

Middle Section.    October 30, 1952.

Petition for Certiorari denied by Supreme Court, March 6, 1953.

536

George B. Haile, Tom Haile and Wesley Flatt, Jr., all of Cookeville, for plaintiff.

H. S. Barnes and Jared Maddux, both of Cookeville, for defendant.

HOWELL, J. This is a damage suit brought by the infant Jo Ann Horner by her next friend and father J. M. Horner for injuries received by the infant when placed in

an incubator owned by the defendant Town of Cookeville and in the Cookeville City Hospital, which incubator was operated by the defendant Melba King as Superintendent and operator of the City Hospital under a lease from the Town of Cookeville for a monthly rental, the City to furnish such equipment as may be necessary.

The defendant Melba King settled her liability if any and the plaintiff took a nonsuit "in so far as the suit relates to Miss Melba King" the suit against the Town of Cookeville "to remain in full force and effect."

The Town of Cookeville filed a special plea of accord and satisfaction based on the averment that plaintiff had accepted a sum of money from Miss Melba King as a joint tort-feasor.

Upon the hearing a decree was entered by the Court in part as follows:

"And after oral and documentary evidence presented in open Court before the Court and jury and also evidence introduced before the Court in the absence of the jury, the Court finds that the plaintiff, acting by her next friend and father, J. M. Horner, had originally filed her suit against the Town of Cookeville, Tennessee and Melba King, alleging that the two defendants acted jointly to cause the damages for which plaintiff sues and the Court further finds that the said plaintiff acting by her said next friend and father has heretofore; but after the filing of said suit, accepted a sum of money from the said Melba King in full satisfaction and release of all claims for damages against the said Melba King, and thereby the plaintiff had released one alleged joint tort-feasor in full, and it therefore appearing to the Court that the special plea of accord and satisfaction filed by the defendant Cookeville, Tennessee, is well taken and

sustained by the proof and that the said plaintiff has already received satisfaction of her claim for damages, for which she has sued in in this cause.

"It is therefore, accordingly ordered, adjudged and decreed by the Court that this cause, in which the plaintiff sues for damages against the Town of Cookeville, Tennessee, be, and it is hereby dismissed. The costs of this cause are taxed to the plaintiff, for which let execution issue."

By proper procedure the plaintiff has appealed in error to this Court and has filed a number of assignments of error.

The covenant not to sue was made a part of the record and is as follows:

"Covenant Not to Sue

" 'This instrument witnesseth, That, Whereas, J. M. Horner, as father and next friend of Jo Ann Horner under contract with the town of Cookeville, wherein said town of Cookeville, Teennessee, was to furnish all such equipment as it deemed necessary, including all general furnishings, linens, dishes, etc., and, whereas, on March 27, 1947, Mrs. Rita Horner, mother of Jo Ann Horner, was admitted as a patient to said hospital, and that later, to-wit, on March 30, 1947, the said child, Jo Ann Horner, was born and placed immediately after the birth in an incubator which had been furnished by the town of Cookeville for its general use in said hospital; and, whereas, during the time that said child was in this improvised incubator it received burns and injuries to its feet.

" 'And, Whereas, the said J. M. Horner, as father, next friend, and who has just been appointed guardian for the said Jo Ann Horner, has been advised

that his right of recovery against the said Melba King, the superintendent of said hospital, might be limited, but that, in his capacity as above set forth, the said Jo Ann Horner has a valid right of action against the Town of Cookeville, or Cookeville, Tennessee, far in excess of the amount hereinafter set forth; and,

" 'Whereas, the plaintiff, to-wit; J. M. Horner, as father, next friend and guardian of Jo Ann Horner, desires to settle and adjust any claim which the said Jo Ann Horner might have against the said Melba King by reason of the said injuries set out hereinabove.

" 'Now, Therefore, in the consideration of the sum of Three Thousand and No/100 ($3,000.00) Dollars paid to the said J. M. Horner as father, next friend and guardian of the said Jo Ann Horner, and for further consideration of the payment of Two Hundred Fifty and no/100 ($250.00) Dollars to F. E. Harris, as Attorney, and Two Hundred Fifty and no/100 ($250.00) Dollars to George B. Haile, as Attorney for the said J. M. Horner in the above entitled cause, the receipt of all of which is hereby acknowledged, the said J. M. Horner, as father, next friend and guardian, expressly agrees and covenants with the said Melba King to dismiss and not further prosecute any suit now pending in the Circuit Court of Putnam County, Tennessee, and he further agrees to take a voluntary dismissal in the action now pending in said court insofar as the said Melba King alone is concerned, and not, in his capacity as above set forth, to reinstate said suit or prosecute any other suit against the said Melba King by reason of the injuries hereinabove set forth.

" 'This agreement, however, is not entered into nor in any wise intended to release any claim of the said Jo Ann Horner, either by her father, her father as next friend, or as guardian, any claim or cause of action which the said Jo Ann Horner may have against the town of Cookeville, or Cookeville, Tennessee, for the injuries that she may have received by virtue of the facts hereinabove set forth, and it is specifically a part of this agreement that this is not an agreement to dismiss any suit now pending against the town of Cookeville, or Cookeville, Tennessee, except as to Melba King, and it is expressly agreed and understood that this agreement is in no wise to inure to the benefit of the town of Cookeville and/or Cookeville, Tennessee.

" 'It is further clearly and distinctly understood that this instrument is merely a covenant not to sue the said Melba King and not a release in any wise for the injuries to Jo Ann Horner against the town of Cookeville, or Cookeville, Tennessee.

" 'In Witness Hereof, I have hereunto set my hand and seal, this ———— Day of May, 1949.' ' "

Thus it appears that the question for determination here is whether or not the payment to the plaintiff by Miss Melba King should be construed as a release or a covenant not to sue.

■ The language of the paper writing is unambiguous. It can be construed only one way and that is that it is a covenant not to sue and not a full release which would also release the Town of Cookeville.

■■ The weight of authority supports the conclusion that a covenant not to sue one of several joint tort-feasors does not operate to release the others from liability. Where it is evident from the paper itself that the consid-

eration paid to the plaintiff was not intended to be full compensation for the injuries received and clearly intended to preserve the liability of those not parties to it, the Court will give effect to the intention of the parties as shown by the paper writing and hold it to be a covenant not to sue and not a technical release.

In Vol. 45 Am. Jur. paragraph 4, page 676 is the following:

"By the great weight of authority, a covenant not to sue one joint contractor or one joint tort-feasor is held not to amount to a release, and therefore such an agreement is held not to discharge the other joint contractors or tort-feasors."

In the case of Nashville Interurban Railway Co. v. Gregory, in 137 Tenn. 422, 193 S. W. 1053, 1056, Chief Justice Green said:

"We think the majority of modern cases take a distinction between a covenant not to sue and a release, and hold that a mere convenant not to sue one tort-feasor does not affect the right to sue the other tort-feasors. * * * Citing many cases.

"It is difficult to see how a simple covenant not to sue one tort-feasor could affect or reduce the liability of another tort-feasor. It is true that there can be but one satisfaction for an injury, but in the case before us the parties expressly contracted that the sum received was not intended as a satisfaction of plaintiff's claim for damages. A covenant not to sue does not extinguish the cause of action. It is not a defense to a suit on such cause of action. The remedy of the covenantee is to bring his action for breach of covenant, although in some of the cases noted above the covenantee has been allowed to plead the covenant to avoid circuity. Inasmuch as such a covenant can only

be pleaded by the covenantee by way of set-off or recoupment and is not a satisfaction of the claim for damages, it is difficult to understand how it could be available at all to another tort-feasor, either to bar the suit against him or to reduce the recovery had against him. He has no semblance of right to a cross-action.

"We, therefore, think the trial judge correctly declined to charge those requests which had the effect of instructing the jury to credit the defendant interurban company with the amount received by the plaintiff from the telephone company upon the covenant not to sue.

"The interurban company also attacks the action of the trial judge in excluding evidence which it offerred, tending to show that the said covenant not to sue was, as a matter of fact, a release of plaintiff's demand against the Cumberland Telephone & Telegraph Company, and was so designed by the parties. The trial judge was of opinion that the nature of this document was defined by its own language, and that parol proof was not admissible to show its real purpose and character. This view was apparently taken by the Court of Civil Appeals, although without any discussion.

"We think this was error.

"The rule that parol contemporaneous evidence is not admissible to alter or vary the terms of a valid written instrument has reference only to the parties to the instrument. It cannot affect third parties who, if it were otherwise, might be prejudiced by things contained in the writing contrary to the truth, through carelessness, ignorance, or fraud. A third party is not precluded from proving the truth about a document however the truth may vary from the

statements contained in said document. Myers v. Taylor, 107 Tenn. 364, 64 S. W. 719; Greenleaf on Evidence, vol. 1, 279; 17 Cyc. 749; 10 R. C. L. p. 1020.''

■ It is insisted for plaintiff in error that the Court erred in permitting the defendant to question the plaintiff as to his intention in accepting payment from the defendant Melba King. Under the holding in the Gregory case this was not error as this defendant Town of Cookeville was not precluded from attempting to show the truth of the matter. We find however that the testimony of J. M. Horner does not support the conclusion that he intended to relieve the Town of Cookeville by accepting payment by Miss King.

See also Walters v. Eagle Indemnity Co. in 166 Tenn. 383, 61 S. W. (2d) 666, 88 A. L. R. 654.

In the case of Oliver v. Williams, 19 Tenn. App. 54, 83 S. W. (2d) 27, 273, Judge Faw, P. J., said:

"It is the settled rule in this state that the release of one of several joint tort-feasors discharges the liability of all. Brown v. Kensheloe, 3 Cold. 192, 200; Smith v. Amusement Co., 128 Tenn. 112, 116, 157 S. W. 900; Nashville Interurban Railway v. Gregory, 137 Tenn. 422, 193 S. W. 1053; Byrd v. Crowder, 166 Tenn. 215, 60 S. W. (2d) 17.

"But a mere covenant not to sue one of several joint tort-feasors, made on a sufficient consideration, is not a technical release of the damages sustained, and will not discharge any of such tort-feasors from liability. (See the last three cases above cited.)

"A covenant not to sue does not extinguish the cause of action, and is not a defense to a suit on such cause of action. The remedy of the covenantee is to bring his action for breach of covenant, although in

some cases (from other jurisdictions) the covenantee has been allowed to plead the covenant to avoid circuity. Nashville Interurban Railway Co. v. Gregory, supra, 137 Tenn. 422, at page 436, 193 S. W. 1053.

"For convenience, the operative provisions of the writing under consideration are here repeated, as follows:

" 'Now, therefore, in consideration of the sum of Nine Hundred ($900.00) Dollars in cash, this day paid by The Tennessee Electric Power Company to us, to-wit: Miss Alma Oliver, Mrs. Ida Oliver and Mrs. J. L. Williams, we do hereby covenant, agree, and bind ourselves, our heirs and personal representatives, never to sue or institute any cause of action against The Tennessee Electric Power Company by reason of said accident and injuries, this covenant being joint and several.'

"It seems obvious that this writing contains no language which imports an intention on the part of the covenantors to discharge the cause of action or any part thereof, or which could be reasonably construed as effecting that result. The covenantors bind themselves, their heirs and personal representatives, 'never to sue or institute any cause of action against The Tennessee Electric Power Company by reason of said accident and injuries'—merely this and nothing more. It contains no stipulation, in words or in substance, that it may be pleaded as a defense to any action which may be brought against the covenantee on the cause of action treated in the covenant, as was stipulated in the instrument involved in the case of Byrd v. Crowder, supra.

"The preamble to the covenant does not disclose a purpose and intention on the part of the covenan-

tors to grant, or on the part of the covenantee to obtain anything more than a covenant not to sue."

See also City of Nashville v. Brown, 25 Tenn. App. 340, 157 S. W. (2d) 612 and King v. Leeman, 30 Tenn. App. 206, 204 S. W. (2d) 384.

We are therefore constrained to the conclusion that the trial Judge was in error in sustaining the plea of accord and satisfaction.

The assignments of error are sustained as indicated and the judgment of the Circuit Court is reversed and the case remanded for trial.

The defendant Town of Cookeville will pay the costs of the appeal.

Reversed and remanded.

Felts and Hickerson, JJ., concur.