Mrs. John KREUTZMANN,
Plaintiff-Appellant,

v.

S. Richard BAUMAN and Sumner I. Levine, Individually and as partners in Dixie Hamburger Company, a general partnership, Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section.

Aug. 21, 1980.

Application for Permission to Appeal Denied by Supreme Court Dec. 1, 1980.

As Corrected Sept. 10, 1980.

Jere B. Fones, Memphis, for plaintiff-appellant.

Hall Crawford, Memphis, for defendants-appellees.

SUMMERS, Judge.

On April 6, 1970, a consent judgment was entered in the Circuit Court of Shelby County in favor of Mrs. John Kreutzmann against S. Richard Bauman and Sumner I. Levine, individually and as partners in the Dixie Hamburger Company, a partnership. The plaintiff's claim was based on a note made by the defendants. The amount of the consent judgment was $34,663.12.

To date, the defendant Bauman has paid $8,060.00 on the judgment. On December 28, 1977, in consideration of the payment to the plaintiff of $12,000.00 by defendant Levine, Mrs. Kreutzmann executed the following instrument styled "Covenant Not To Sue" in favor of Levine:

COVENANT NOT TO SUE

\*      \*      \*      \*      \*      \*

In consideration of the sum of Twelve Thousand Dollars ($12,000.00) paid to Covenantor [Mrs. John Kreutzmann] by Covenantee [Sumner Levine], the receipt of which is hereby acknowledged, Covenantor covenants as follows:

1. Covenantor will never institute any action or suit at law or in equity against Covenantee, nor institute, prosecute or in any way aid in the institution or prosecution of any cause of action to enforce or to execute upon a Judgment of April 6, 1970, entered in the Circuit Court of Shel-

by County, Tennessee in Civil Action No. 44619–8 T.D., against Covenantee and S. Richard Bauman as joint obligors.

2. Covenantor expressly reserves all rights of action, claims, and demands against S. Richard Bauman and any and all other persons other than Covenantee based upon or arising out of the above-mentioned Judgment. This instrument is a covenant not to sue, and not a release.

3. This Covenant shall inure to the benefit of Covenantee and his heirs, executor, and assigns. It shall bind Covenantor, her heirs, executor and assigns.

4. Covenantor agrees additionally to hold Covenantee harmless against any right of contribution that S. Richard Bauman may have against Covenantee for any excess which might be recovered from S. Richard Bauman over and above that which has now been paid by Covenantee. To this end, Covenantor agrees to pay to Covenantee Fifty Percent (50%) of any recovery effected from S. Richard Bauman in excess of the total amount of payments made by Covenantee on the above-mentioned Judgment.

5. This instrument reflects the entire covenant between Covenantor and Covenantee, and no statements, promises or inducements made by Covenantor or any agent of Covenantor that are not contained herein shall be valid or binding.

6. Covenantor has carefully read the foregoing Covenant Not to Sue and knows the contents thereof.

IN WITNESS WHEREOF, Covenantor has executed this Covenant at Madison, Wisconsin, the day and year first above written.

/s/ Florence Kreutzmann

FLORENCE KREUTZMANN, Covenantor

Prior to the tenth anniversary of the entry of the consent judgment against Levine and Bauman, Mrs. Kreutzmann filed a complaint for *scire facias* to revive the judgment against both defendants.

The defendant Levine did not answer or appear. The defendant, Bauman, through his attorney, offered a copy of the above instrument captioned "Covenant Not To Sue." At the hearing on the *scire facias* complaint, defendant Bauman's attorney contended that Bauman had paid $8,060.00 on the judgment and revival of the judgment would be proper unless a defense was established, whereupon Bauman interposed the defense of release. Bauman's attorney argued that the "Covenant Not To Sue" given by the plaintiff to defendant Levine was in fact a release to the obligor, Levine, and therefore a release to the co-obligor, Bauman.

No witnesses were offered by either party and there was no further evidence.

The trial court denied the plaintiff's request for a revival of her consent judgment against the two defendants, holding that the "Covenant Not To Sue" operated to release Levine from any further indebtedness on the judgment and thereby also released Bauman. The plaintiff perfected an appeal to this court.

On appeal the plaintiff-appellant, Mrs. Kreutzmann, argues that the instrument in issue is a covenant not to sue and not a release.

The defendant-appellee Bauman contended that the instrument entitled "Covenant Not To Sue" was actually a release and, because it was a release, it operated to release Levine (who did not appear or plead) and therefore released Bauman (who did plead the alleged Covenant Not To Sue as a release of himself and, of necessity, on the behalf of Levine.)

In 1858, the legislature passed an act which is now T.C.A. § 24–706 and reads as follows:

*Receipts and releases.*—All receipts, releases, and discharges in writing, whether of a debt of record or a contract under seal, or otherwise, shall have effect *according to the intention* of the parties thereto. [Code 1858 § 3789; Shan., § 5570; Code 1932 § 9741] (Emphasis supplied)

T.C.A. § 24–706 changed the old technical rule of the common law, whereby the re-

lease of one co-obligor automatically released another co-obligor. *Williams v. Hitchings*, 78 Tenn. 326 (1882); *Richardson v. McLemore*, 64 Tenn. 586 (1875); *Miller v. Fox*, 111 Tenn. 336 (1903).

*Miller v. Fox, supra,* mentions the case of *Evans v. Pigg*, 43 Tenn. 395 (1866), which held that the release of one co-obligor releases other co-obligors. In 1866, *Evans, supra,* wrongly ignored the 1858 Code § 3789. *Miller v. Fox* also cites *Williams v. Hitchings, supra,* an 1882 case which properly interpreted § 3789 of the Code of 1858 (now T.C.A. § 24–706) and held that the parties to an instrument releasing a contractual debt could stipulate that the release was not to affect the liability of another joint obligor.

In the instant case, the learned trial judge erred in applying *Byrd v. Crowder*, 166 Tenn. 215, 60 S.W.2d 171 (1932), to the case at bar. The case at bar is a case *ex contractu*, not *ex delicto*. The Tennessee statute which applies to the instant case is T.C.A. § 24–706, concerning the effect of a release of contract debts, not Tennessee statutes and case law which apply to the release of joint tortfeasors. We hold that the "debt of record" language of T.C.A. § 24–706 encompasses and applies to releases of judgment debts which are grounded on underlying debts that are contractual in nature.

T.C.A. § 24–706, covering releases of contractual debts, is the same as the old § 3789 of the Tennessee Code of 1858. T.C.A. § 24–706 has, since its inception, been confined to contract actions, and is not applicable to tort actions. *Smith v. Dixie Park & Amusement Co.*, 128 Tenn. 112, 157 S.W. 900 (1913).

Since 1858 the law has been in Tennessee that the release of one co-obligor on a contractual debt does not release another co-obligor, unless the consequent release of the other is the intent of the parties to the release instrument. *Williams v. Hitchings, supra; Richardson v. McLemore, supra; Miller v. Fox, supra.*

Thus since the year 1858 there has been little reason, in contract actions, for the courts to distinguish between releases and covenants not to sue. In *Oliver v. Williams*, 19 Tenn.App. 54, 83 S.W.2d 271 (1935), Judge Faw discussed the difference between a release and a covenant not to sue and said:

A covenant not to sue does not extinguish the cause of action, and is not a defense to a suit on such cause of action. The remedy of the covenantee is to bring his action for a breach of covenant, although in some cases (from other jurisdictions) the covenantee has been allowed to plead the covenant to avoid circuity. *Nashville Interurban Railway v. Gregory*, 137 Tenn. 422, 193 S.W. 1053. . . . [*Accord, Summers v. Bond-Chadwell Co.* [24 Tenn.App. 357], 145 S.W.2d 7 (Tenn.App.1939); *Wright v. Fischer* [24 Tenn.App. 650], 148 S.W.2d 49 (1941).]

As to the current state of the law in Tennessee regarding the release of tortfeasors, in the year 1968, T.C.A. § 23–3105 became law. That statute reads as follows:

*Effect of release or covenant not to sue upon liability of other tort-feasors.—* When a release or covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the same injury or the same wrongful death;

(a) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater. . . .

Since the 1968 enactment of T.C.A. § 23–3105, the law has been that the release of one co-tortfeasor does not release another co-tortfeasor unless it is the intent of the parties to release the co-tortfeasor who is not a party to the release.

As aforesaid, the trial judge erroneously relied on *Byrd, supra,* as controlling precedent for the effect of a release of a contractual judgment debt. *Byrd* was a pre-1968 (and therefore pre-T.C.A. § 23–3105) case

involving the effect of a release of one co-tortfeasor on the liability of another co-tortfeasor. Because there was then no T.C.A. § 23–3105, the *Byrd* court held, according to the old common law, that the release of one co-tortfeasor automatically operated to release another co-tortfeasor, the intent of the parties to the release being irrelevant.

The law in Tennessee is, as it has been since the year 1858, that the release of one co-obligor on a contractual debt does not release another co-obligor unless that is the intent of the parties to the release. The obvious intent of the instrument is not to release Bauman from liability to Mrs. Kreutzmann. The clause in which Mrs. Kreutzmann agrees to hold Levine from harm, in the event that Bauman has to pay Mrs. Kreutzmann and then looks to Levine for contribution, plainly indicates that Mrs. Kreutzmann's intention was to reserve her rights against Bauman.

The instrument is a covenant not to sue—or not to levy execution—therefore Levine's remedy is to wait until Mrs. Kreutzmann attempts to levy execution against him (Levine) whereupon he (Levine) can bring suit against Mrs. Kreutzmann for breach of her covenant.

Under the authority of *Rogers v. Hollingsworth*, 95 Tenn. 357, 32 S.W. 197 (1895), and *Whitworth v. Thompson*, 76 Tenn. 480 (1881), where there is *scire facias* to revive a judgment, the original judgment must be revived as it was rendered, bearing interest from the date of entry. The plaintiff-appellant shall have execution, with interest and costs of the *scire facias*, subject to credit for amounts already paid on the judgment.

We must construe the instrument as a covenant not to sue or, more properly, not to levy execution against Levine. A "hold-harmless" provision is standard language in a covenant not to sue. *See Memphis St. Rwy. Co. v. Williams*, 47 Tenn.App. 399, 338 S.W.2d 639 (1959), where Judge Carney of the Court of Appeals discussed the technical differences between releases and covenants

not to sue, and where the court construed the instrument in question, which contained a "hold-harmless" clause, as a covenant not to sue and not a release; *see also Horner v. Town of Cookeville*, 36 Tenn.App. 535, 259 S.W.2d 561 (1952), where Judge Howell construed the instrument in question as a covenant not to sue, and not an accord and satisfaction, even though the instrument did not contain a "hold-harmless" clause.

The judgment must be revived against both Levine and Bauman. Thereafter, Mrs. Kreutzmann can proceed to levy execution against either Levine or Bauman for the full judgment amount, less credits, and each of the defendants can rely on his individual defenses.

We respectfully overrule the issues presented by the appellee. We reverse the judgment of the trial court, and remand this cause for action consistent with this opinion. The costs of the cause are taxed against the appellee, for which execution may issue if necessary.

NEARN and EWELL, JJ., concur.

### JUDGMENT

SUMMERS, Judge.

This matter came on to be regularly considered in this court on the record. For the reasons set forth in our opinion of even date, it is ordered:

1. That the issues are found in favor of the appellant.

2. That the judgment of the trial court is reversed and this lawsuit is remanded to the trial court for action in accordance with the opinion of this Court filed herein.

3. That the costs of this cause are taxed against the appellee for which execution may issue if necessary.