PRICE-BASS CO., INC., v. OWEN.—146 S. W. (2d) 149.

SAME v. HENDRIX.

Middle Section.  June 13, 1940.

Petition for Certiorari Denied by Supreme Court, December 14, 1940.

Lewis C. Payne, of Nashville, for plaintiff in error Price-Bass Co., Inc.

Trabue, Hume, Davis & Gale, of Nashville, for defendants in error Ralph Owen and W. R. Hendrix.

JOSEPH HIGGINS, S. J.  These two causes were tried together by the Judge of the Second Circuit Court of Davidson County after their removal to that court from the Court of General Sessions.  We shall designate the case of Price-Bass Company v. Hendrix as Number 1, and the other, that of Ralph Owen v. Price-Bass Company, we shall treat as Number 2.

In the first of these actions plaintiff below sought to recover damages of Hendrix sustained by collision between a car owned by the plaintiff below and a car driven by defendant Hendrix.  In Number 2, Owen sought damages growing out of the collision or impact that was the basis of action Number 1.

Upon trial in the Circuit Court the Judge rendered judgment in favor of defendant Hendrix and dismissed the suit.  He awarded in the second action a judgment against the Price-Bass Company for $82.

Separate motions for new trials were entered.

The specifications in Number 1 were that there was no evidence to sustain the judgment of the Court and that the evidence preponderated in favor of plaintiff.  This motion was overruled and the cause dismissed as against Hendrix at the cost of plaintiff below.

The grounds of the motion for a new trial in the second or Owen action were that there was no evidence to sustain the judgment, and that the evidence preponderated against the judgment, and that the Court was in error in not sustaining defendant's plea of accord and satisfaction.  This motion was likewise overruled.

Plaintiff in error Company, the plaintiff in the first case referred to, and defendant in the second one, prayed an appeal in error from each judgment, and is here assigning errors.

There is but one bill of exceptions.

Taking up the case of plaintiff in error against Hendrix, we find presented to us only one assignment of error, namely, that there was no evidence to sustain the judgment of the Court.  Brief treatment of this issue will suffice for solution.  Hendrix, plaintiff below, testified in substance, that he had borrowed an automobile from his friend Owen for the purpose of making a trip into North Nashville; that he was driving in a northerly direction on Tenth Avenue, at a speed of about twenty-five miles per hour; that when he reached a point some three hundred feet distant from the point of collision,

he saw a truck headed into the east curb of Tenth Avenue at about a forty-five degree angle, in the manner that cars are usually parked on the street; that the street was about forty feet wide and on the west side was a freight house; that when he approached the truck he cut his car to the left so as to drive to the rear of the truck, and that the truck started backing and backed into his car, that is, the car in which he was riding, damaging it by tail gate striking the top of the radiator, sliding over the hood and against the windshield; that he stopped the car in which he was riding; that the truck gave no signal or anything to indicate that the driver was intending to back; that there was a man on the back of the truck but that he was looking in the opposite direction at the time of the collision.

G. A. Anderson, an employee of the Price-Bass Company at the time of the accident, admitted the impact, saying that he was riding on the truck with Floice Lance, the driver, at the time the collision occurred; that the driver, Lance, had driven north on Tenth Avenue and had turned his truck to the right toward the east curb for the purpose of backing across the street to the freight house on the west; that when he started backing he killed his motor, and that when the motor after the truck stopped he saw defendant's car about 150 yards away, started again he, Anderson, was on the back of the truck, and that and that he thought the distance was such that the driver could proceed across the street, and that he, Anderson, signaled the driver to back, and that when he had backed some four or five feet, he saw that Hendrix was not going to stop but continued to drive toward him, and he hollered for the driver to stop, hollering twice and throwing up his hands at the driver of the other car; that he believed the driver of the truck stopped when he hollered the first time, and that the truck that he was on was at a standstill when the Hendrix car ran into the back end of the truck.

Robert Meacham, who witnessed the accident, testified in substance to the same effect. He stated that he did not know the speed of the Hendrix car and that in his opinion the truck was standing still when the collision happened; that there was no other traffic on the street, which was about forty feet wide; that the front end of the truck was at the time about five feet from the side of the curb, and that there was sufficient room for Hendrix to have turned to his left between the rear of the truck and the freight house.

On cross-examination Hendrix stated that he was familiar with the surroundings and knew that the street was used for loading and unloading freight, and that trucks backed into the freight house. He further stated that his car was about the center of the street when the accident happened, and there were no cars parked in the rear of the truck or on the west curb of Tenth Avenue.

According to the evidence of Hendrix, the servants of plaintiff in error were guilty of negligence at the time of the collision, and that

he, Hendrix, was free from the imputation of carelessness. He testified to material facts from which a discriminating trial court could find that he was in the exercise of ordinary care and prudence, and that the servants of plaintiff in error did not exercise that care and caution, and did not take the precautions suggested by the surroundings, and we are constrained to overrule the assignments of error in the first case.

The views which we expressed in disposing of case Number 1 will suffice for our response to the specification of error in the second case, to the effect that there is no material evidence to support the verdict. In other words, Hendrix, as the bailee and driver of a car belonging to Owen, was not guilty of negligence proximately contributing to the collision, but the servants of plaintiff in error were chargeable with negligence such as accounts for the accident.

The insistence of learned counsel for plaintiff in error is that the trial court was in error in refusing to uphold the plea of plaintiff in error of accord and satisfaction. We find no formal plea of accord and satisfaction in the record. It is recited in the bill of exceptions that among other issues submitted was a special plea of accord and satisfaction, to-wit: That if defendant Price-Bass Company or agent was guilty of negligence, plaintiff Owen, the owner of the car could not recover of Price-Bass Company inasmuch as the plaintiff Owen had heretofore been satisfied and he had received payment of his damages sustained in the action sued on from W. R. Hendrix. Owen on the witness stand stated that he had not had the car repaired, but after the wreck had traded it in for a new automobile in its wrecked condition; that he had received three written estimates for the costs of repairing the car, the lowest of which was $87; that Hendrix and he were friends, and if he did not recover from the Price-Bass Company, Hendrix would see that he, Owen, would not lose because of the collision. Owen further stated that from what he knew he thought the Price-Bass Company was liable for the accident. He further stated that he had not released Hendrix or any one from liability; stating that he made no releases or signed anything. He admitted that following the accident Hendrix had given him his check for $82; that subsequently he had received the estimate of $87, and that some one had previously made an estimate of $82, and this amount was for the oral estimate which he understood would be the cost of repairs and damage to the automobile. Hendrix was not interrogated respecting the giving of the check or making any payment to Owen. Learned counsel insists that the $82 was paid by Hendrix in satisfaction of Owen's claim for damages to his car, and that this had the legal effect of releasing the Price-Bass Company had precluded Owen from making demand of any one for any additional sum. In support of this proposition learned counsel cite many decisions from the courts of Tennessee and one or two from other jurisdictions, together with a text or two from Encyclopedias.

■ We have re-examined the decisions in Tennessee of Brown v. Kencheloe, 43 Tenn., (3 Cold.), 192, and Arrowood v. McMinn County, 173 Tenn., 562, 121 S. W. (2d), 566, 119 A. L. R., 855. These cases summarized merely rule that a release of one joint tortfeasor for a consideration will operate as a release of all others jointly liable. About this rule there will be no controversy, but those authorities are not controlling here. The proposition with which we have to deal is, whether the acceptance of money from a man not in fault will work a release of the party who is really responsible for an injury.

It is well in this connection to observe that in the body of the text of 1 Corpus Juris, page 535, 1 C. J. S., Accord and Satisfaction, sec. 12, wherein is found a statement to the effect that acceptance of satisfaction from a stranger will release the real wrongdoer, the proposition is controverted, the commentator stating the foregoing proposition had at one time prevailed but was not now accepted as the general rule. It must be borne in mind that the judgment of the trial court negatives any imputation or suggestion of negligence upon the part of Hendrix. He was acquitted of the charge. For if the court had found him guilty of negligence there would have been a recovery against him. Hence the question at issue must be disposed of upon the assumption that Hendrix was not a participant in the infliction of the damage, and hence in no sense a joint tort-feasor with plaintiff in error.

■■ Another view which must not be lost sight of is that Hendrix and the servant of plaintiff in error were not engaged in a common enterprise and were not pursuing a common object or course. Hendrix could have been held liable upon the doctrine only of concurring negligence. It is uniformly held that where the negligent acts of two parties pursuing independent courses and objects result in a single injury, they are both liable, but are not joint tort-feasors. The question presented has given us some concern. We have, however, reached the conclusion that the payment made by Hendrix, even though it might be the full amount of the damages sustained by Owen, cannot be made available to plaintiff in error, for the reasons above suggested. Out of all the Tennessee cases the most pertinent is that of Brimer v. Scheibel, 154 Tenn., 253, 290 S. W., 5, 50 A. L. A., 1052. It is broadly stated in that opinion, the Court speaking through Mr. Justice Cook, that the rule to the effect that the release of one joint tort-feasor operates the release of all the others, finds application only where the person released and the person claiming the benefit of the release are jointly liable for the wrong. Among other authorities cited is that of Pittsburg Railroad Co. v. Chapman, 3 Cir., 145 F., 886. That was the case involving the question as to the effect of the acceptance by plaintiff of some payments or benefits from a third party. It was urged by the real perpetrator of the wrong that this

brought about his discharge from liability. The point raised was reserved by. the District Judge until after rendition of the verdict. The jury found that the defendant to the action was the real wrong-doer, and that the one who had paid the money was free from blame. The Court proceeded upon this finding that the doctrine of joint tort-feasor had no application and refused to rule that the acceptance of the money inured to the benefit of the party who caused the damage.

■ It is stated in 26 Ruling Case Law, at page 764, that parties may be jointly and severally liable although several and not joint tort-feasors, as where there is no concert of action or unity of purpose, but their acts concur in bringing about injury. Other parties may also be jointly and severally liable, although not joint tort-feasors, as where their acts are separate and distinct, but culminate in producing injuries to the person or property of another. Decisions from other jurisdictions are to the same effect. See 65 A. L. R., page 1091; 66 A. L. R., page 213, 104 A. L. R., page 857; Schiff v. Hammond Clock Co., 7 Cir., 69 F. (2d) 742; Pickwick v. McCauliff, 193 Mass., 70, 78 N. E., 730, 8 Ann. Cas., 1041. See also 1 Am. Juris, page 258. We believe these authorities embrace the sounder view that they are in accord with numerous decisions of our own courts.

It is well to comment in closing upon the meagerness of the testimony offered in support of the plea of accord and satisfaction. All that we gather from the transcript is that Hendrix, a gratuitous bailee of the car, gave his check for $82 to Owen without any tender of the. money by way of satisfaction, and without any agreement to release him or any one else; and there is an entire absence of testimony to the effect that the claim of Owen for reimbursement by the payment upon the part of Hendrix to bring about an extinguishment thereof. It appears that Owen stated that at the time Hendrix gave him the check he made no agreement and gave no release, and entertained the belief that the Price-Bass people were liable. It seems to us that the essentials of an accord and satisfaction are lacking. Byrd v. Crowder, 166 Tenn., 215, 60 S. W. (2d) 171. There is an increasing tendency in the courts to regard more closely the real intention of the parties in such cases. See Note, 104 A. L. R., page 863. We observe in passing that much injustice has been wrought from the strict application of the doctrine of accord and satisfaction when applied to tort actions.

It results therefore that we feel constrained to and do overrule all the assignmeints of error and affirm the two judgments pronounced by the Trial Court. The Price-Bass Company is taxed with all the costs of the two causes, including the costs of this Court.

Crownover and Felts, JJ., concur.