# PAUL V. WYATT v. J. P. LASSITER, JR., and WILLIAM KLEEMAN, d/b/a Tennessee Absorbent Clay Company.—299 S. W. (2d) 229.

Western Section.    October 26, 1956.

Petition for Certiorari denied by Supreme Court February 8, 1957.

Aaron C. Brown, Paris, William Derington, Jr., Camden, for plaintiff in error.

Goodpasture, Carpenter & Dale, Nashville, for defendants in error.

BEJACH, J.   This cause involves an appeal by Paul V. Wyatt as plaintiff in error, who was also plaintiff in the lower court, from a judgment of the Circuit Court of Henry County dismissing his action there against defendants, J. P. Lassiter, Jr. and William Kleeman, d/b/a Tennessee Absorbent Clay Company.   The suit involved, was for personal injuries alleged to have been sustained April 25, 1955, while plaintiff was riding as a passenger in the rear seat of an automobile bieng driven northwardly on State Highway 69 inside the corporate limits of Paris, Henry County, Tennessee.   The declaration is in three counts.   Defendants demurred to Count Three, but as plaintiff was on motion allowed to amend by striking this count, same is not now material.   The negligence alleged against Lassiter and Kleeman, by Wyatt, in his declaration is that they constructed a framework over the highway which supported a continuous belt-type conveyor which was used to transport dirt, clay, or other material, and from which rows or mounds of hardpacked clay or other material had leaked and fallen from said conveyor onto the surface of the highway, which caused the wreck of the automobile in which plaintiff, Wyatt, was riding. Plaintiff, Wyatt, alleges that his back was broken, and he sues for $70,000 damages.   In addition to the demurrer to Count Three, defendants filed a special plea to Counts One and Two of the declaration, in which they say that the plaintiff has settled and released the joint tort-feasor, Robert H. White, and that as a matter of law, this is a complete accord and satisfaction of all claims against these defendants.   Without waiving their special plea, defendants also filed a plea of not guilty.   In addition,

under authority of Chapter 145, Public Acts of 1955, defendants, Lassiter and Kleeman, filed a cross-action against Robert H. White for the same amount sued for by plaintiff, Wyatt, viz., $70,000, alleging and averring that said Robert H. White is primarily liable to plaintiff, if there is any liability. In their declaration as cross-plaintiffs, defendants, Lassiter and Kleeman, allege that at the time and place complained of in plaintiff's declaration, when he was riding as a passenger in the automobile of Robert H. White, said White was driving at a high and reckless rate of speed without having his automobile under proper control, without keeping a lookout ahead, and under the influence of intoxicants, and that as they proceeded northward along Tennessee State Highway 69, and as a result of the gross and wanton negligence of said White, as above set out, White ran off the road on the east side, traveled some 150 feet down the east shoulder of the road, and crashed into a culvert with such force as to completely tear the right wheel from his car. This wanton and reckless conduct on the part of White, with which J. P. Lassiter and William Kleeman had no connection whatever, was alleged to be the primary cause of whatever injury and damage was received by plaintiff, Wyatt. Cross-plaintiffs, Lassiter and Kleeman, assert in this cross-action that they are in no way liable to Wyatt; but should he obtain any judgment, they allege that they are entitled to have, and pray that they be given a judgment over in the same amount by way of contribution against the party primarily liable, Robert H. White. To this cross-action, Robert H. White filed three pleas. In his first plea, he says that on or about September 17, 1955, plaintiff, Paul V. Wyatt, for a valuable consideration paid to him, entered into an instrument in writing entitled

and referred to as a "Covenant not to Sue" with reference to a cause of action heretofore filed by said plaintiff against him, Robert H. White, and then pending in the Circuit Court of Benton County at Camden, Tennessee, growing out of the same accident involved in this entitled cause, and at the same time there was entered by consent, an order dismissing with prejudice as to this cross-defendant, White, said cause of action,—the original of which Covenant not to Sue and a signed copy of said Order of Dismissal, duly certified by the Clerk of said Court, each respectively is incorporated herein by reference, filed herewith, and made a part hereof, which Covenant and Order of Dismissal with prejudice, cross-defendant pleads as a full and complete release, accord and satisfaction as to him. In his second plea, cross-defendant, Robert H. White, without waiving his first plea, denies that he was guilty of any negligence which was the primary cause of whatever injury and damage was received by plaintiff, Wyatt, and avers that the negligence of said defendants and cross-plaintiffs, J. P. Lassiter, Jr. and William Kleeman, d/b/a Tennessee Absorbent Clay Company, was the primary cause of whatever injury and damage may have been suffered by plaintiff Wyatt. In his third plea, without waiving the first two, cross-defendant, White, says that he is not guilty of the matters and things alleged in the cross declaration. All of these pleas for cross-defendant, White, are signed by his attorneys, Van Dyke and Dunlap. To them, as an exhibit to the first plea, is attached a copy of the "Covenant not to Sue", executed on the 17th day of September, 1955, signed by Paul V. Wyatt and Robert H. White by Van Dyke and Dunlap, attorneys, together with a certified copy of the Order or Judgment entered in the Circuit Court of Henry County,

Tennessee, in the case of Paul Wyatt v. Robert White, Docket No. 1089, which is signed by William Derington, Jr., attorney for plaintiff and by Van Dyke and Dunlap, attorneys for defendant.

We deem it unnecessary to copy into this opinion the language of the "Covenant not to Sue", as it, in our opinion, conforms to the requirements of a "Covenant not to Sue" as distinguished from a "Release", as set out in Smith v. Dixie Park & Amusement Co., 128 Tenn. 112, 157 S. W. 900. The consideration recited in this "Covenant not to Sue" is $5,000. The Order of Court entered in the Benton County case, omitting the caption of same and the Clerk's certification, is as follows:

"In this entitled cause this day came the parties, plaintiff and defendant, by and through their attorneys of record out of term time, and it appearing that all matters in issue have been compromised upon a covenant not to sue, by consent it is ordered that plaintiff's suit be, and the same hereby is dismissed, with prejudice, but defendant will pay all costs of the cause for which execution will issue. This voluntary dismissal is with prejudice, to another action against Robert White only."

After the plea of defendants, Lassiter and Kleeman, in the Henry County Cirsuit Court, plaintiff, Wyatt, craved oyer of the instrument which is the foundation of defendants' special plea,—said special plea being a special plea of release, in the following language:

"Comes the plaintiff by his attorneys and craves oyer of the instrument which is the foundation of defendants' special plea, said special plea being a special plea of release: or, in the alternative that the

defendants fail to produce the said release and make the said instrument a part of the record of their special plea, comes the plaintiff by his attorneys and. moves the Court that said special plea of release be stricken as there exists no ground on which a special plea of release can be based; therefore said special plea is frivolous.''

Subsequent to the filing of pleas by cross-defendant, Robert H. White, defendants, Lassiter and Kleeman, through their attorneys, filed a ''Plea of Former Judgment'', which is as follows:

''The defendants for further and special plea to this suit, say that the plaintiff herein, Paul V. Wyatt, instituted suit against one Robert White in the Circuit Court of Benton County, Tennessee, for damages arising from this same accident and thereafter entered an order in said cause wherein it was recited among other things that 'All matters in issue have been compromised upon a covenant not to sue, by consent it is ordered that plaintiff's suite be and the same is hereby dismissed, with prejudice, but defendant will pay all the costs of this cause, for which execution will issue. This voluntary dismissal is with prejudice for another action against Robert White only.'

''Said order remains unappealed from and unreversed.

''Wherefore, this defendant pleads that if the judgment in the Circuit Court of Benton County, Tennessee discharged and released the defendant, White, it also discharged and released this defendant in this cause.''

Following this last quoted plea, the record discloses that the jury retired.

Mr. Derington, attorney for plaintiff Wyatt, then moved the Court,

"In regard to the plea just read, we move that you strike this as it is based on the same transaction— the covenant not to sue."

Then follows an extended discussion between the Court, Mr. Derington, Mr. Aaron Brown, Mr. Richard Dunlap, Mr. Carpenter, and Mr. James W. Van Dyke.

The transcript then recites, "This was all the evidence", and, "Here the jury is recalled and dismissed."

The discussion referred to above covers sixteen pages in the transcript of the record, but there is no indication that any of the lawyers referred to were sworn, or that they were undertaking to testify as witnesses. We therefore conclude that no evidence was introduced, and that these sixteen pages embody only the arguments of the attorneys and the oral ruling or rulings of the Court. Statements of fact made by the several attorneys, including especially the statements of Mr. Richard Dunlap and Mr. James W. Van Dyke, which may have materially influenced the ruling made by the learned trial judge, must all be considered merely as parts of their respective arguments.

Following these arguments, the learned trial judge, on the authority of Byrd v. Crowder, 166 Tenn. 215, 60 S. W. (2d) 171, ruled that the dismissal with prejudice in the Circuit Court of Benton County, coupled with the "Covenant not to Sue" here involved, constituted a release to Mr. White, and thereby operated as a release of the

defendants, Lassiter and Kleeman. He sustained the plea of "Former Judgment or Release" and overruled the motion to strike the plea, with the observation, "All that can be done in the order." In connection with this ruling, the Court said, "Under the third party practice I take it this other suit will go out too, will it not? Do you want to dismiss that?" Whereupon, Mr. Carpenter, one of the attorneys for defendants, Lassiter and Kleeman, said, "We will take a voluntary non-suit."

Thereafter, on March 26, 1956, an order was entered, which, omitting the caption of same, is as follows:

"This cause came on to be heard before the Hon. John F. Kizer, Judge, upon the motion of plaintiff, Paul V. Wyatt, to strike the special plea of the cross-defendant, Robert H. White, and likewise to strike the special plea of the defendants, J. P. Lassiter, Jr. and William Kleeman, heretofore filed in this cause, as well as the entire record in the cause, the argument of counsel, from all of which the Court is pleased to overrule the motion of plaintiff, Wyatt, to strike the plea of the defendants and does sustain the plea of the defendants and each of them to the effect that the order entered in the Circuit Court of Benton County, Tennessee, constitutes a bar to the defendant, Robert H. White, and is, therefore, a release of all joint tort-feasors.

"It is, therefore, ordered, adjudged and decreed by the Court that the order entered in the Circuit Court of Benton County, Tennessee and made a part of the record in this cause constitutes a bar to plaintiff's cause of action against all parties who are defendants or cross-defendants to this suit, and that plaintiff's

cause, including the cross-action instituted in this cause against the cross-defendant, Robert H. White, be and the same hereby is dismissed at the cost of the plaintiff, for which execution will issue.

"To the foregoing action of the Court in dismissing the plaintiff's suit, plaintiff excepts and prays an appeal to the next term of the Court of Appeals sitting at Jackson, Tennessee, which appeal is granted by the Court upon the plaintiff executing a bond as prescribed by law within thirty days. Plaintiff is allowed sixty days within which to otherwise perfect his appeal."

Thereafter, plaintiff Wyatt made a motion for a new trial which was overruled, March 31, 1956.

Plaintiff Wyatt filed a bill of exceptions which embodies the arguments of attorneys and oral rulings of the Court, referred to above, and perfected his appeal to this Court.

The plaintiff, Paul V. Wyatt, as appellant in this Court, has filed five assignments of error which are as follows:

"Assignments of Error

"Now comes the plaintiff in error and assigns the following errors:

"I

"Circuit Judge erred in dismissing plaintiff in error, Paul V. Wyatt's, cause of action against defendants in error, J. P. Lassiter, Jr. and William Kleeman, d/b/a Tennessee Absorbent Clay Company, and holding that the order of voluntary dismissal entered in Benton County Circuit Court, which was not executed by Paul V. Wyatt, was a

bar to any cause of action plaintiff in error had brought against any defendants in Henry County Circuit Court.

"Transcript page 43

"II

"It was error for the Circuit Judge to permit Attorneys, VanDyke & Dunlap for defendant, Robert White, to state over plaintiff in error's objections, that such statements were in violation of the parol evidence rule, that the paper writing entitled 'A Covenant to Sue' executed by Paul V. Wyatt and Attorneys, Van Dyke & Dunlap for Robert White, was intended to be something other than a covenant not to sue.

"Transcript pages 29-31

"Transcript pages, 37, 39

"III

"The Circuit Judge wholly disregarded the rules of pleading and procedure.

"IV

"The Circuit Judge erred in taking judicial knowledge that cross-defendant, Robert White was a tort feasor and a joint tort feasor with defendants in error, Lassiter and Kleeman, without reference to any pleadings or without hearing any proof.

"Transcript pages, 35, 38, 40, 43

"V

"The Court further erred in treating the parties cross-defendant as being before the Court, where the record discloses no process issued or was served on said parties by virtue of such cross action."

We deem it unnecessary to discuss separately the several assignments of error quoted above. The determinative question, in our opinion, is whether or not the "Covenant not to Sue" executed by and between plaintiff, Paul V. Wyatt, and defendant, Robert White, coupled with the order of dismissal entered pursuant thereto in the Circuit Court of Benton County, Tennessee, constitutes a bar to Wyatt's action in the Circuit Court of Henry County, Tennessee against defendants J. P. Lassiter, Jr and William Kleeman. Neither do we consider it necessary to review at length the various cases dealing with this question. Most, if not all, of these cases are reviewed and analyzed in the recent case of Long v. Kirby-Smith, 292 S. W. (2d) 216, decided by the Middle Tennessee Section of the Court of Appeals, February 28, 1956, with certiorari denied by the Supreme Court, July 20, 1956,—on the authority of which decision we rest the conclusion which we have reached in this opinion.

The leading cases in Tennessee holding that a "Covenant not to Sue" does not bar the right of a plaintiff to sue another wrongdoer involved in the same transaction, are Smith v. Dixie Park and Amusement Co., 128 Tenn. 112, 157 S. W. 900, and Nashville Interurban Co. v. Gregory, 137 Tenn. 422, 193 S. W. 1053. On the other hand, the leading case which holds that a "Covenant not to Sue" must be treated as a "Release" which bars recovery against a joint tort-feasor where it contains a provision that such covenant "may be pleaded as a defense to any action" which may be brought against the covenantee on the cause of action treated in the covenant, is Byrd v. Crowder, 166 Tenn. 215, 216, 60 S. W. (2d) 171.

In the case of Long v. Kirby-Smith, supra, there was involved, as there is in the instant case, not merely a

"Covenant not to Sue", but also a court order entered pursuant thereto. In that case, the Middle Tennessee Section of the Court of Appeals held, as we hold in the instant case, that the language of the "Covenant not to Sue", there involved, complied with the limitations of such covenant as prescribed in the case of Smith v. Dixie Park and Amusement Co., 128 Tenn. 112, 157 S. W. 900. In addition to the covenant not to sue, there involved, and by way of consummation of its provisions, an order had been entered in the Circuit Court of Franklin County, which the opinion of the Court of Appeals, written by Felts, P. J. (M. S.), omitting the caption of same, quotes as follows [292 S. W. (2d) 218]:

"Order

" 'Comes the plaintiff, Helena Kirby-Smith, and moves the Court for permission to take a non-suit as to Clyde Owens, individually, and S. T. Nichols.

" 'It is, therefore, ordered by the Court that this cause be and the same is hereby dismissed with full prejudice as to Clyde Owens, as Agent and Servant of S. T. Nichols, Clyde Owens, individually, and S. T. Nichols.

" '/s/   Alan S. Kelly
                    Circuit Judge

" 'Approved:
" '/s/   Frank Hickerson
" 'Attorney for Plaintiff
" '/s/   Harry C. Templeton
" 'Attorney for Defendants,
" 'Clyde Owens and S. T. Nichols.' "

The order in the instant case comparable to that quoted above, which was entered in the Circuit Court of Benton County, Tennessee, is quoted in the earlier part of this opinion.

■ The determinative factor, as we gather it from a careful reading of the Court's opinion in Long v. Kirby-Smith, which induced the Court to rule in that case that the language in the court order, "that this cause be and same is hereby dismissed with full prejudice", did not prevent the "Covenant not to Sue" from being given effect according to its language and according to the intention of the parties thereto, was that such language in the Court Order must be disregarded as surplusage, because courts of law in Tennessee have no authority to "dismiss with prejudice" as do courts of equity in this State.

That factor is, in our opinion, equally controlling in the instant case.

But, it is argued in the brief of attorneys for defendants, Lassiter and Kleeman, filed in this Court, that the order under consideration in the Long case, and the order involved in the case at bar, are entirely different in nature and effect, and it is therefore claimed that the decision in Long v. Kirby-Smith is not applicable to the facts of the instant case. Tabulation of such alleged material differences is set out in parallel columns, contrasting the distinctions between the two orders, as follows:

"The respective decrees provided:

The Long Case

(Opinion, [292 S. W. (2d) at page] 218)

(1) Did *not* purport to settle the issues between the parties, (Opinion, p. 220)

(2) Was not a consent order (Opinion, p. 222)

(3) Was merely a non-suit upon application of plaintiff, (Opinion, p. 218)

(4) Was merely an undertaking to carry out the covenant not to sue, (Opinion, p. 219)

The Case at Bar
(Tr. p. 24)

(1) Stated that "all matters in issue have been compromised * * *."

(2) Was rendered by *consent.*

(3) Was a dismissal with prejudice to *another action* against the defendant, by consent, and by consent all costs were *taxed* against the *defendant.*

(4) *The covenant not to sue was not acceptable* to defendant, and the *consent order* as entered, which amounted to a complete settlement and release of Robert White, and was the real basis of the disposition of the litigation."

We will take up and separately dispose of the four numbered "contrasts" which learned counsel for defendants, Lassiter and Kleeman, insist should produce a different result in the instant case.

■ First, with reference to the contention that the court order in the Long case did not purport to settle the issues between the parties, whereas the court order in the case at bar stated that "all matters in issue have been compromised * * *.", the portion of the court order involved in the instant case which is quoted, stops with the word "compromised", whereas the order, itself, continues with the words, "upon a covenant not to sue", the language of that covenant not to sue must be examined for the purpose of ascertaining the nature and scope of that compromise and the purpose and intention

of the parties thereto. If the intention of the parties can be clearly ascertained from the language used in the covenant itself, and we think that in the instant case it can be so ascertained, this Court should give effect to that intention. As was said by Faw, P. J., in the case of Oliver v. Williams, 19 Tenn. App. 54, 58-59, 83 S. W. (2d) 271, 274:

"It seems obvious that this writing contains no language which imports an intention on the part of the covenantors to discharge the cause of action or any part thereof, or which could be reasonably construed as effecting that result."

Also, as was said by Joseph Higgins, S. J., in the case of Price-Bass Co., Inc. v. Owen, 24 Tenn. App. 474, 479, 146 S. W. (2d) 149, 152:

"It seems to us that the essentials of an accord and satisfaction are lacking. Byrd v. Crowder, 166 Tenn. 215, 60 S. W. (2d) 171. There is an increasing tendency in the courts to regard more closely the real intentions of the parties in such cases. See Note 104 A. L. R. p. 863. We observe in passing that much injustice has been wrought from the strict application of the doctrine of accord and satisfaction when applied to tort actions."

Second, it is contended that the order in the Long case was not a consent order, whereas the order involved in the instant case was rendered by consent. We think this difference is immaterial. The material factor, as stated above, and as was held in the Long case is that the language, "dismissed with prejudice" must be regarded as surplusage; because, in the absence of a trial of the cause, courts of law in Tennessee have no authority to

dismiss with prejudice. In support of their contention that the difference between a consent decree, and one not entered by consent, is material, appellee's brief quotes language from Judge Felts' opinion which appears on page 222 of 292 S. W. (2d), as follows:

"It is true that a consent decree is binding according to its terms upon those who consent, sign, or authorize it. But there is no evidence that plaintiffs signed, consented to, or authorized the entry of this order. Therefore, no verdict can be directed for defendant on this order as a consent decree."

Also, appellee's brief asserts a proposition of law in support of this same contention, and cites an authority for same the cases of Clinchfield Stone Co., Inc. v. Stone, 37 Tenn. App. 52, 254 S. W. (2d) 8, 12, 13, and Barettsville Bank and Trust Co. v. Bolton, 182 Tenn. 364, 373, 187 S. W. (2d) 306. The citation of the Clinchfield Stone Co. case is erroneously given as 37 Tenn. App. 52; the correct citation being 36 Tenn. App. 252. Both of these cases deal with chancery court decrees and would, therefore, constitute ample authority for the correctness of the language quoted above from Judge Felts' opinion, if limited to the effect of consent decrees in a court of equity. If the language quoted from Judge Felts' opinion be treated as applicable to an order entered in a court of law, it may be disregarded, as dictum. As pointed out above, it is our opinion that the determinative factor in the result reached in Judge Felts' opinion turned on his ruling that courts of law in Tennessee, as distinguished from courts of equity, in the absence of a trial of the cause, are without authority to provide for dismissals with prejudice, which ruling was predicted on a careful analysis of the authorities there cited.

Third, the contention that the order in the Long case was merely a non-suit upon application of plaintiff, whereas the order in the case at bar was "a dismissal with prejudice to another action against the defendant, by consent, and by consent all costs were taxed against the defendant", is, in our opinion, equally without merit. The reasons which we have assigned for disallowing the second "contrast" are equally applicable to the third. The circumstance that the costs of the cause were, by consent, adjudged against the defendant is, in our opinion, immaterial. Ever since the enactment of Chapter 107, Public Acts of 1917, carried forward into sec. 4962al, Shannon's Code, sec. 9116, Code of 1932, and now embodied in sec. 20-1621, Tennessee Code Annotated, courts of law have had the same authority with reference to assessing costs that has existed in courts of equity from time immemorial. It can make no material difference that the court's exercise of discretion in assessing the costs of a particular case may have been influenced or even induced by the consent of the parties.

Fourth, it is the contention that the order in the Long case was merely an undertaking to carry out the covenant not to sue, whereas in the case at bar, "the covenant not to sue was not acceptable to the defendant, and the consent order as entered, which amounted to a complete settlement and release of Robert White, and was the real basis of the disposition of the litigation", is, in our opinion, without merit. This contention is, we presume, predicated on the statement of Mr. James W. Van Dyke which is copied into the record at page 39. As pointed out in another part of this opinion, however, there is nothing in the record to indicate that Mr. Van Dyke was sworn as a witness or that he was undertaking to

testify as a witness. In that situation, we must treat Mr. Van Dyke's statement, and it should have been, likewise, so treated by the learned trial judge, as merely an argument of counsel, and not as oral testimony undertaking to vary the provisions of a written instrument. Even if Mr. Van Dyke had been sworn and had undertaken to testify as a witness, he should not, as between his client, Robert White, and the plaintiff, Paul Wyatt, have been permitted to give oral testimony to vary the terms of the "Covenant not to Sue" which had been executed by his firm on behalf of Robert White, although such testimony might have been available to defendants, Lassiter and Kleeman. As was said by Mr. Justice Green in Nashville Interurban Ry. v. Gregory, 137 Tenn. 422, 437, 193 S. W. 1053, 1056:

■ "The rule that parole contemporaneous evidence is not admissable to alter or vary the terms of a valid written instrument has refrence only to the parties to the instrument. It cannot affect third parties who, if it were otherwise, might be prejudiced by things contained in the writing contrary to the truth, through carelessness, ignorance, or fraud. A third party is not precluded from proving the truth about a document however the truth may vary from the statements contained in said document."

The same treatment must be accorded to the statement of Mr. Richard Dunlap, copied into the record at pp. 29-31. As this cause is to be remanded, we think this distinction should be made clear, as sworn testimony may then be offered on this point.

■ For the same reason, we now refer to the contention of appellant that the trial judge committed error in

dismissing his suit in the midst of an argument of counsel, even though such dismissal occurred after the trial judge had overruled his motion to strike the plea of defendants, Lassiter and Kleeman, and especially so when such dismissal was ordered without a motion for that purpose being made by defendants, Lassiter and Kleeman. For this contention, appellant's brief cities Tennessee Code Annotated, sec. 20-924, and Gilreath's Edition of Caruthers' History of a Law Suit, sec. 236. He contends that he should have been allowed to plead over; and, in that connection, he asserts that the precipitous action of the learned trial judge deprived him of an opportunity to establish as a fact that the defendants, Lassiter and Kleeman, and the defendant, Robert White, were not joint tort-feasors within the meaning of that term as defined in Hale v. City of Knoxville, 189 Tenn. 491, 226 S. W. (2d) 265, 15 A. L. R. (2d) 1283; and Price-Bass Co., Inc., v. Owen, 24 Tenn. App. 474, 146 S. W. (2d) 149. Tennessee Code Annotated, sec. 20-929 provides:

"When the plea contains new matter by way of avoidance or setoff, the plaintiff shall reply thereto by demurrer or otherwise; and like proceedings may, if necessary, be continued by way of rejoinder or further pleading until issue is joined."

We think the plaintiff was entitled to have the pleadings kept open until an issue was joined, and that such right must be afforded him when this cause is remanded.

■ The contention made by the appellant that, "The Court further erred in treating the parties cross-defendant as being before the court where the record discloses no process issued or was served on said parties by virtue of such cross-action", is, we think, without merit. Re-

gardless of whether or not process was ever issued or served, the cross-defendant did enter his appearance by and through the same attorneys who represented him in the Benton County law suit. They had a perfect right to waive the issuance of process, and, if authorized so to do, by their client, to enter his appearance in the litigation.

For the reasons hereinabove set out, we think this cause must be reversed and remanded to the Circuit Court of Henry County for a new trial to be had in conformity with this opinion. The costs of the appeal are adjudged against the defendants, J. P. Lassiter, Jr. and William Kleeman, d/b/a Tennessee Absorbent Clay Company. The costs of the lower court may await the outcome of the litigation there.

Avery, P. J. (Western Section), and Carney, J., concur.