IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 18, 2014 Session

## ROBERT MALONEY v. GLORIA MALONEY

**Appeal from the Circuit Court for Shelby County**
**No. CT00323712     Karen R. Williams, Judge**

—————————

**No. W2013-02409-COA-R9-CV - Filed July 17, 2014**

—————————

Husband and paramour are represented by two partners in the same law firm. Wife sought to disqualify Husband's attorney. The trial court granted the motion to disqualify, citing the inevitability of conflict. Husband appealed. We reverse and remand for an evidentiary hearing on the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Laura D. Rogers, Memphis, Tennessee, for the appellant, Robert Maloney.

Valerie T. Corder, Memphis, Tennessee, for the appellee, Gloria Maloney.

## OPINION

Robert Maloney ("Husband") filed for divorce from Gloria Maloney ("Wife") on July 25, 2012. Wife filed a counter-complaint alleging that Husband committed adultery with Carol Lott ("Lott")[1] and that Husband and Lott were conspiring to deprive Wife of her equitable share of the marital estate. Wife filed several contempt petitions against Husband,

—————————

[1] Lott is not a party.

1

accusing him of wasting marital funds on his paramour, Lott.

Wife served Lott with a subpoena duces tecum and Lott hired Melissa Berry ("Berry"), a partner in Rogers, Berry, Chesney & Cannon, PLLC, to represent her. About three months later, on July 12, 2013, Laura Rogers ("Rogers"), also a partner in Rogers, Berry, Chesney & Cannon, PLLC, sought to enroll as counsel for Husband. On July 19, 2013, Wife filed a motion to disqualify Rogers on the ground that the firm already represented Husband's paramour, thus creating a conflict.

At a July 16, 2013 hearing, the trial court concluded that permitting legal partners to concurrently represent both Husband and Lott constituted a conflict of interest and granted Wife's motion to disqualify Rogers. Husband sought and was granted a Tenn. R. App. P. 9 interlocutory appeal, which the trial court granted. This court granted the appeal as well.

STANDARD OF REVIEW

A trial court's disqualification of an attorney is usually reviewed under the abuse of discretion standard. *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn. 2001). "A trial court abuses its discretion whenever it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Id*. (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). That standard is not, however, always applied.

> The same appellate deference is not appropriate when the facts are undisputed and the conduct at issue does not directly involve conduct in open court. Trial courts enjoy no particular functional advantage over appellate courts in formulating and applying the ethical principles governing the attorney-client relationship. Accordingly, we will review trial courts' decisions to disqualify a lawyer based on undisputed facts and conduct not taking place in court using Tenn. R. App. P. 13(d)'s standard of review.

*In re Ellis*, 822 S.W.2d 602, 605-06 (Tenn. Ct. App. 1991). "In other words, in such cases, we presume the disqualification was proper unless the evidence preponderates to the contrary." *In re Conservatorship for Allen*, No.E2010-01625-COA-R10-CV, 2010 WL 5549037, at *6 (Tenn. Ct. App. Dec. 29, 2010).

Given that the facts are undisputed and the conduct in question did not take place in open court, we will proceed under the Tenn. R. App. P. 13(d) standard of review.

2

Disqualification of an attorney is a drastic remedy. *In re Ellis*, 822 S.W.2d at 605. "It invariably causes delay, increases costs, and deprives parties of counsel of their choice. Courts should, therefore, disqualify counsel with considerable reluctance and only when no other practical alternative exists." *Id*.

The disqualification was raised by Wife. "'Where the motion to disqualify comes not from a client or former client . . . , but from an opposing party, the matter should be reviewed with caution.'" *Pfizer, Inc., v. Farr*, No. M2011-01359-COA-R10-CV, 2012 WL 2370619, at *12 (Tenn. Ct. App. Dec. 14, 2011) (quoting *Crown v. Hawkins Co.*, 910 P.2d 786, 795 (Idaho Ct. App. 1996)). It is difficult to see how Wife has standing to assert a conflict of interest between Husband's attorney and Lott's attorney.[2] She is not a client or former client of Rogers, and it is not clear how she would be negatively affected if Rogers had divided loyalties between Husband and her law partner representing Lott.

Tennessee Supreme Court Rule 8, RPC 1.7(a)(2) says there is a concurrent conflict when "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Wife argues that she is a third person who is somehow affected, but she has not made her reasoning particularly clear to us, has presented no evidence, and we see no responsibility Rogers could have to Wife. We find, on the meager record before us, that Wife does not have standing to seek disqualification of Husband's attorney.

Even assuming standing exists, there is no evidence of a conflict. No proof was taken on this issue. Only oral argument by the attorneys took place at the hearing. Arguments by attorneys are not evidence. *Elliot v. Cobb*, 320 S.W.3d 246, 252 (Tenn. 2010) (Koch, J. concurring) (citing T.P.I.-Civil 15.03 (2010)). There is no indication in the transcripts of either the July 26, 2013 hearing or the September 20, 2013 hearing that any of the attorneys were sworn or testified as witnesses. *See Wyatt v. Lassiter*, 299 S.W.2d 229, 232 (Tenn. Ct. App. 1957). Thus, no evidence was introduced. The trial court ruled based on an assumption of inevitable future conflicts, stating: "I believe that it is improper for a single law firm to represent a party to a divorce and the paramour because there will be conflicts." Similarly, the judge's order states that "Husband and his paramour each require independent counsel

---

[2]The primary focus on the issue of standing is the party, not the merits of any claim. *Mayhew v. Wilder*, 46 S.W.3d 760, 767 (Tenn Ct. App. 2001). "[A] court may and properly should refuse to entertain an action at the insistence of one whose rights have not been invaded or infringed." *Id*. (quoting 59 AM. JUR. 2d *Parties* § 30 (1987)).

on what to say, when to say it, how far to say, when to be silent, which will necessarily place Husband and paramour in conflict one with the other, to preserve each person's attorney-client privilege."

Given the seriousness of disqualifying the attorney chosen by one of the parties, the fact that the motion to disqualify was made by the opposing party, the vagueness of the reasons for disqualification, and the absence of evidence, we must reverse the trial court's decision and remand the matter for a hearing at which wife presents evidence of a conflict which she has standing to raise and Husband and Lott are given an opportunity to present evidence that there is no conflict, that adequate systems are in place to manage any conflict, or that Husband and Lott have waived any potential or existing conflicts.

Both parties have requested attorneys fees on appeal. Both requests are denied.

Costs of appeal are assessed against the appellee, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE